## MOORE v. THE C., R. .I. &. P. R. Co.

1. **Garnishment:** FOREIGN JUDGMENT. M. was employed in Iowa by the defendant, a corporation operating a railway in both Iowa and Missouri; a judgment was rendered against him in the latter State by a court having jurisdiction and wages due him from defendant were garnished, notwithstanding under the laws of Iowa they would have been exempt: *Held*, that the garnishee was not bound to interpose a defense based upon the Iowa exemption laws, and that the judgment rendered against the garnishee could not be attacked in a collateral proceeding, for the purpose of again holding defendant liable to M.

2. ———: PARTIES. A garnishee is not a party to an action in the sense that he is required to make defense for either of the parties, between whom he is presumed to be indifferent respecting the merits of the case.

3. **Judgment:** IN REM: JURISDICTION. A judgment *in rem*, rendered in one state by a court of competent jurisdiction, cannot be assailed in another by a party to the record, who claims the subject matter of the judgment.

*Appeal from the Louisa Circuit Court.*

FRIDAY, JUNE 9.

THIS cause was tried below upon an agreed statement of facts, and is submitted upon the same facts here. There was judgment for the plaintiff and the defendant appeals.

*Cook & Richman*, for appellant.

*R. Caldwell*, for appellee.

ROTHROCK, J.—The essential facts contained in the agreed statement are as follows: The appellant is a corporation existing under the laws of Iowa and Illinois. It operates its railroad in said States, and also a connecting line of road in the States of Missouri and Kansas. Appellee was employed by appellant to perform labor for it in the county of Louisa, in the State of Iowa, where he with his family resided, and there was due to him from appellant on the 1st day of April, 1875, for such labor, the sum of $14.62; and by the laws of Iowa the wages so earned by him were exempt from execution

or attachment.   In April 1875, an action was brought by Harriet Barton against the appellee before a justice of the peace in Buchanan Co., Missouri, a writ of attachment issued, and the appellant was garnished as debtor of appellee.   The service of the garnishment notice was effectual to give the justice of the peace jurisdiction over appellant as garnishee under the laws of Missouri.   The agent of appellant appeared before said justice in obedience to the notice, and answered that appellant was indebted to said Moore in the above named sum, and thereupon the appellant was held and adjudged to pay said sum to Harriet Barton upon judgment being recovered and perfected by her against said John Moore.

Appellee did not have actual notice of the pendency of that action personally served upon him, but service of notice was regularly made upon him by publication under the laws of Missouri, and final judgment was rendered against him on the 5th day of June 1875, for $34.43, and the conditional judgment theretofore rendered against appellant as garnishee thereupon became absolute, and related to the date of the service of notice of garnishment.   The justice of the peace under the laws of Missouri had jurisdiction to make said orders, and to enter said judgment so as to hold any property attached or garnishee summoned.   Under the laws of Missouri said wages were subject to attachment or execution, the said Moore being a non-resident of that State.   No demand was made by appellee for said wages prior to the date of the said garnishment.

The question then is, what effect must be given to the judgment thus obtained against the railroad company?   In our opinion, under the foregoing agreed statement of facts, the judgment is a complete bar to this suit.   We have had no argument for appellee; and in considering the case we have been unable to conceive on what grounds it can be claimed that this suit should be maintained, unless it be that the wages garnished being exempt under the laws of Iowa, the garnishee should have set up that claim for the defendant in the suit in Missouri and urged it in his behalf, or the garnishee should at least have given notice to Moore in order that he might have set up such claim.

The agreed facts contain the ready answer to both these propositions. It is conceded that Moore was a resident of Iowa, and that his wages for that reason were not exempt in Missouri by the laws of that State. It would then have been utterly futile for the garnishee to make such claim, or to have notified Moore. This defense would have been of no avail if it had been made by either the railroad company or Moore.

Again, it is conceded that the justice of the peace in Missouri had jurisdiction to render the judgment and condemn the debt due from the garnishee to Moore. Being a proceeding *in rem*, and having jurisdiction of the *rem* which was the debt due from the garnishee, the judgment condemning the debt is not void and cannot be collaterally impeached. If there be jurisdiction in a proceeding *in rem*, the judgment of condemnation is conclusive; that is, cannot be attacked, and is only liable to reversal upon appeal or writ of error.

A garnishee is not a party to an action in the sense that he is required to make defense, as between the plaintiff and defendant. As to the merits of the case he is, and should be held to be, indifferent. 1 Iowa, 411. To require him to interpose a defense would be to subject him to the expense of a trial and the risk of a judgment against him for costs.

By the law of Iowa a garnishee defends for himself alone. All he is required to do in the first instance is to answer the general questions prescribed by the statute. Code, Sec. 2980. Sec. 2991 of the Code provides, "That the judgment in the garnishment suit condemning the *. * * debt in the hands of the garnishee to the satisfaction of the plaintiff's demand, is conclusive between the *garnishee* and the *defendant*," and the statute of this state does not require a garnishee to give notice to the debtor defendant that he has been garnished. The whole proceeding being based on the statute, we would hesitate long before holding that there are other and greater obligations or duties resting upon a garnishee than those imposed by statute. The law, as it is, imposes inconvenience enough on a garnishee without enlarging its provisions by judicial construction. Another cogent reason why it was not the duty of the garnishee to make defense is, that the exemp-

tion of property and wages from execution or attachment is in the nature of a personal right to be exercised or claimed by the debtor, and not by another. If he fail to claim the exemption, no one indebted to him would have the right to make it for him. *Conley v. Chilcote*, 25 Ohio State, 320.

The only authority which has come under our observation holding a contrary doctrine to that above announced is the case of *Pierce v. The Chicago & Northwestern Railway Company*, 36 Wis., 283. It is based on the assumption that by the laws of the state where the judgment was rendered against the garnishee the earnings were also exempt, and that it was the duty of the garnishee to make such defense or to notify the defendant and thus afford him an opportunity to defend. As we have before observed, it being conceded in this case that the earnings in question were not exempt under the laws of Missouri, such defense would have been unavailing, whether made by the garnishee or the defendant in the attachment proceedings.

It is also said in the case last above cited, that "the corporation or its officers were familiar with our laws and knew that the earnings of its creditors were exempt. It should, therefore, have claimed the exemption for him, or given notice of the proceedings and afforded him an opportunity to defend. There is surely no hardship in that rule as applied to defendant."

We are of opinion that the assumption that there is no hardship in such rule is not well founded.

It certainly would be far from reasonable to require a corporation employing hundreds of men to be so familiar with the domestic relations of its employes, as that all its officers upon whom legal service of garnishment might be made should have knowledge that a particular employe was a married man.

Further, it seems to us that the rule established in that case ignores the fact that the proceedings in garnishment were entitled to full faith and credit as a judgment of a sister State; and that being proceedings in *rem*, and the debt being condemned by a court having jurisdiction, the judgment cannot be contested in another state by a party to the record, claiming the property.

In the case of *The Baltimore & Ohio Railroad Company v. May*, 25 Ohio State, it is held that it is a sufficient defense to an action to recover money due on contract to show that the money sought to be recovered has been garnished by process issued by a court of a sister State. So far as we are advised the debt in question has been applied in payment of a just obligation against appellee in the State of Missouri, and on the case here made we conclude that it would be requiring an innocent party to pay a debt twice, if we should hold the judgment in Missouri to be void.

REVERSED.