## EVERHART v. HOLLOWAY ET AL.

1. **Res Adjudicata**: DEFENDANT SERVED BY PUBLICATION. Where a defendant, served by publication only, and who does not appear, fails to apply for a new trial after being served with a copy of the judgment, such judgment becomes binding upon him as an adjudication of all questions properly involved in the action.

*Appeal from Sac Circuit Court.*

MONDAY, DECEMBER 13.

ACTION in equity to determine the title to certain real estate. Judgment for the defendant, and plaintiff appeals.

*L. Wheaton* and *Gray & Shearer*, for appellant.

*Smith & McDaid* and *Nourse, Kauffman & Jackson*, for appellees.

SEEVERS, J.—Both parties claim title to the premises in controversy under John R. Stewart. The plaintiff under a conveyance from Stewart, executed and recorded in January, 1877, and the defendant Biddle under a sheriff's deed, executed in pursuance of a sale under an execution issued in pursuance of a judgment in favor of the defendant Holloway against said Stewart. The judgment was not obtained until after the conveyance to the plaintiff.

In July, 1876, Stewart executed a mortgage on said premises to the plaintiff, which has not been satisfied of record, but the plaintiff claims it merged in the conveyance made by Stewart to him.

The defendant Biddle alleged in his answer that his co-defendant, in April, 1877, recovered a judgment against Stewart, and in September thereafter commenced an action to set aside said mortgage as fraudulent and void, and to

subject the real estate in controversy to the payment of said judgment, and that a decree was accordingly rendered. To said action the plaintiff was made a party, but service by publication only was made on him, and he made no appearance. A copy of the decree, however, was served on him on the 24th day of January, 1878, and this action was commenced on the 29th day of October, 1878.

I. The theory of the plaintiff seems to be that the judgment declaring the mortgage to be void, and subjecting the real estate to the payment of the Holloway judgment, constitutes a cloud on his title, which he asked might be removed, and the defendants estopped and barred from claiming thereunder. He did not ask a re-trial of the action under Code, § 2877, on the ground he had been served by publication only, and had made no appearance. Had he done so it is probable the action was commenced too late, as the decree had been served on him more than six months before it was brought. Code, § 2879.

The plaintiff also claims the decree was obtained by fraud and deception practiced on the court in this: that the petition in said action failed to disclose the existence of the conveyance made by Stewart to the plaintiff, and only asked, as he insists, that the mortgage should be declared void.

No evidence was introduced even tending to show fraud, or to show what evidence was introduced on the trial of the former action. For aught we can know both the mortgage and conveyance were introduced. There is no evidence tending to show anything was concealed from the court either by mistake or design.

This controversy must turn upon the question whether the former action should be regarded as an adjudication binding on the plaintiff.

II. The petition in that action set forth the recovery of the judgment in favor of Holloway against Stewart, and that an attachment had been issued in the action in which the judgment had been obtained, by virtue of which the real es-

tate in controversy had been attached, and that it had been ordered to be sold under a special execution.

It was further alleged that in July, 1876, Stewart was the owner of the real estate, a description of which was set forth, and that he had made a pretended conveyance thereof to the plaintiff with intent to hinder, delay and defraud said Holloway in the collection of his judgment. The said conveyance " being a pretended mortgage," which remains unsatisfied, and a cloud on said real estate.

The relief asked was that said mortgage be " declared fraudulent and void, and that said real estate be released from all liability under said mortgage and subjected to the satisfaction of the above mentioned judgment    *    *    and that plaintiff have such other relief as to equity may pertain."

It is quite clear, as a part of the desired relief, it was asked that the real estate be subjected to the payment of the judgment. Whether, under the allegations of the petition, the plaintiff in the action was strictly entitled thereto is immaterial. The court had jurisdiction, and the decree rendered accords with the relief asked. It does not go beyond it. If it had done so it probably would have been error which could only have been corrected on appeal, or on a re-trial of the action, as provided where service has been made by publication only.

Ample provision has been made for the trial of the matter now attempted to be litigated in the former action, or by obtaining a re-trial, and the plaintiff should have availed himself of such provisions of law. Having·failed to do so the judgment must be regarded as an adjudication binding on him. *Moore v. C., R. I. & P. R. Co.,* 43 Iowa, 385; *Lawrence Savings Bank v. Stevens,* 46 Id., 429; *Cromwell v. Sac Co.,* 94 U. S., 352.

AFFIRMED.