Montrose Pickle Co. v. Dodson & Hills Manuf. Co.

THE MONTROSE PICKLE COMPANY v. THE DODSON & HILLS MANUFACTURING COMPANY *et al.*

Attachment: NON-RESIDENT DEFENDANT: GARNISHMENT: PROPERTY OUTSIDE OF STATE. An attachment against a non-resident defendant avails nothing unless he has property or debts owing to him within the state. And property actually outside of the state, in the custody of a common carrier who resides within the state, cannot be reached by garnishing the carrier within the state. The *situs* of such property does not follow the residence of the garnishee, as was held of a debt owing by the garnishee to the defendant, in *Mooney v. Union Pac. Ry. Co.*, 60 Iowa, 346. (See *Bates v. Railway Co.*, 60 Wis. 296, 19 N. W. Rep. 72, for a like ruling.)

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FILED, DECEMBER 18, 1888.

THIS is an action upon an account for merchandise sold and delivered by the plaintiff to the Dodson & Hills Manufacturing Company, defendant. An attachment was issued upon the ground that the defendant was a non-resident of the state; and the Diamond Jo Line of steamers, a corporation, was garnished in the action, upon the claim or supposition that it had property in its possession belonging to the defendant, which was liable to attachment. The garnishee answered, denying that it had any property in its custody subject to the writ. Issue was taken upon the answer of the garnishee, and a trial was had by the court, and a judgment was rendered discharging the garnishee. Plaintiff appeals.

*Anderson & Davis*, for appellant.

*Craig, McCrary & Craig*, for appellee.

ROTHROCK, J.—At the time the action was commenced the plaintiff was a resident of this state. The defendant was a non-resident of the state, and a resident of the state of Missouri. Service of the original notice, and of the notice of garnishment, was made personally on the defendant in St. Louis, in that state. The defendant made no appearance in the action, and a default was entered against it, and what appears to have been a personal judgment was rendered upon the default. It is not important to determine the effect of the judgment rendered upon service of the original notice out of the state. It is not a material question in the case. The Diamond Jo Line of steamers is an Iowa corporation, with its principal place of business at the city of Dubuque. It is a common carrier of freight and passengers upon steamers to and from all points on the Mississippi river between St. Paul, Minn., and St. Louis, Mo. On the thirtieth day of September, 1887, said steamer company received on board of one of its boats, at Alexandria, Mo., some five hundred or six hundred barrels of pickles, for transportation to St. Louis. The property was shipped by the Dodson & Hills Manufacturing Company, at Alexandria, to the Dodson & Hills Manufacturing Company at St. Louis. The pickles were loaded on the steamer on the forenoon of that day. On the same day, and while the steamer, with the property in dispute on board, was on its way down the river to its destination, the garnishment notice was served on the steamer company at Dubuque, and on one of its agents at Keokuk.

The question to be determined is whether the property was liable to attachment by garnishment. The superior court held that the garnishee was not liable, because the property was not within the jurisdiction of that court; that the defendant's title thereto was not doubtful; that it was capable of manual delivery, and, if within the jurisdiction of the court, it should have been levied upon and taken into custody by the officer

executing the writ of attachment; and that it was not the subject of garnishment. This is the sole question presented to this court for determination. The ground of the attachment was that the defendant was a non-resident of this state. An attachment issued upon this ground avails nothing, unless the defendant has property or debts owing to him within this state. Without such property or debts, there could be no service of the attachment, either by actual levy, or by the process of garnishment. It is not claimed by appellant that any jurisdiction of the property could be obtained by seizing it outside the state. The contention is that, as the garnishee is a resident of the state, the *situs* or location of the property in question must be held to be in this state. This rule has been held to apply to debts owing by the garnishee to the defendant. *Mooney v. Union Pac. Ry. Co.*, 60 Iowa, 346. That was a case of garnishment of the wages of a railroad employe. The garnishee was held to be a resident of this state, and there was no contract that the wages due were to be paid in the state of Nebraska, where the employe resided and the garnishee had its principal place of business. It appears to us that the right to garnish the steamer company, and hold it for the value of the property in question in this case, presents a very different question. The law of attachment in this state does not contemplate that property not actually within the state, but located in another state, shall be the subject of garnishment We need not cite the various sections of the statute upon the subject of attachment and garnishment. Its whole scope and tenor lead to the conclusion that the claim made by counsel for appellant cannot be sustained. The argument of the appellant is grounded upon the thought that when the garnishment notice is served the relation of debtor and creditor at once arises between the garnishee and the defendant. It is true the statute provides that a judgment may be rendered against the garnishee if he does not deliver the property to the sheriff. This is a right given to the garnishee. He may at any time, after answer, exonerate himself by placing the

property at the disposal of the sheriff. Code, sec. 2986. If property in a distant state may be reached by process of garnishment, in order to avail himself of this right the garnishee must transport the property to the sheriff holding the writ, and deliver it to him. The garnishee cannot be deprived of this right, and as he is an innocent party, he cannot be compelled to bring the property within the jurisdiction of the court. The facts in this case are as good an illustration of the fallacy of this claim as can be given. The steamer company had taken this property upon one of its boats, and was under way, bound under its contract of affreightment to deliver the same at St. Louis. To avail itself of its right under the above statute, it would be required to ship the goods back to Keokuk, make its answer, and deliver the property to the sheriff. The law imposes no such an obligation upon a garnishee; and yet, under the claim made by appellant, the garnishee must either do this or become the debtor of the defendant for the value of the property. The law puts no such a hardship upon a garnishee. It is very different where a debt is garnished. It is a debt first and last. In such case the process of the law does not practically compel the garnishee to become a debtor against his consent. This identical question was determined by the supreme court of Wisconsin in the case of *Bates v. Railway Co.*, 60 Wis. 296, 19 N. W. Rep. 72. In an elaborate opinion, in which many of the authorities cited by counsel in this case are reviewed, it was held that personal property under the control of a garnishee, but situated out of the state where suit is brought, cannot be reached by the process of garnishment. In that case as in this, the property was in actual transit, and out of the state, when the garnishment notice was served. We do not think it necessary to do more than refer to that case, and the authorities therein cited. It appears to us in its reasoning to be eminently sound, and that no other conclusion could have been fairly reached; and the rule adopted has peculiar force when applied to an

attempt to garnish a common carrier while transporting goods outside of the state where suit is commenced. As was said by Chief Justice BREESE in *Railroad Co. v. Cobb*, 48 Ill. 402: "When the property has left the county, and is in transit to a distant point, though on the same line of railway, it would be unreasonable to subject the company to the costs, vexation and trouble of such process, merely because it had received that to be carried which the law compelled it to receive and carry." It will be understood that we do not determine the question as to the right to garnish a carrier of property, where the same is within this state.

AFFIRMED.