CHICAGO, B. & Q. R. Co. v. H. H. MOORE.

[FILED MARCH 24, 1891.]

**Garnishment: FOREIGN JUDGMENT A BAR.** Where a debtor has been compelled to pay a debt by garnishee proceedings in a court of a sister state having jurisdiction of the subject-matter and the parties, such payment constitutes a complete defense to a subsequent action brought in this state by the original creditor against the garnishee for the same indebtedness.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Marquett & Deweese,* and *A. G. Greenlee,* for plaintiff in error.

*H. H. Blodgett, contra.*

Citations and contentions of counsel are, in the main, referred to in opinion.

NORVAL, J.

This suit was tried in the Lancaster county district court upon the following stipulation of facts:

"It is hereby stipulated between the plaintiff and the defendant in the above entitled cause that the following are the facts in this cause: It is agreed that the plaintiff commenced working for the defendant for a price agreed upon by and between them, to be fifty dollars per month, and in pursuance of said contract the plaintiff worked two days in the latter part of March and fifteen days in the fore part of April, 1888, amounting to $25.92, and that this sum is now due from the defendant to the plaintiff, unless the following facts, stipulated on behalf of the defendant, constitute a defense: On the 16th day of April, 1888, one

G. W. Groves commenced suit against the plaintiff herein before E. S. Barnett, justice of the peace in and for the city of Council Bluffs, Pottawattamie county, Iowa, and attached the wages due from this defendant to the plaintiff. Notice of garnishment in said attachment suit was served upon this defendant on said 16th day of April, 1888. On the 25th day of April, 1888, this defendant answered as garnishee in said suit, showing an indebtedness to this plaintiff of $25.92; whereupon this defendant was ordered by said court to hold the money then in defendant's hands to abide the further order of the court, and the hearing was continued to June 25, 1888. On the 8th day of May, 1888, this suit was commenced before W. H. Snelling, J. P. in and for the city of Lincoln, Lancaster county, Nebraska, to recover the wages sued for in this action. On the 29th day of May, 1888, this defendant, as garnishee in the suit pending in Iowa, appeared before said E. S. Barnett, J. P., and, by leave of court, filed an amended answer setting up that since the beginning of the action in that court this action had been begun in the city of Lincoln for the recovery of these wages before W. H. Snelling, J. P. in and for this city, and that a judgment had been rendered in favor of this plaintiff for the sum then due. On the 24th day of August, 1888, said G. W. Groves, having duly served the plaintiff herein in the suit pending in Iowa by publication, obtained judgment against this plaintiff as a non-resident, and rendered judgment against this defendant, as garnishee, for the sum of $25.92, and issued an order for the payment of the same into that court; whereupon this defendant paid into said court of E. S. Barnett, J. P., the sum of $25.92, being the amount then due from this defendant to this plaintiff. (The said Barnett was a regularly elected and qualified justice of the peace in and for the city of Council Bluffs, Pottawattamie county, Iowa, and had jurisdiction in all civil cases at law where the amount in controversy does not exceed $100.)

It is further agreed that the contract by which this plaintiff entered into the service of this defendant was made in the city of Lincoln, state of Nebraska; that the work was performed in the city of Lincoln, and it was the custom of this defendant to pay the wages of the plaintiff and of others in its employ, whose wages had been earned in said city, in the city of Lincoln; that before and since that time the wages of the plaintiff had been paid by this defendant in the city of Lincoln, under which the wages sued for in this action were earned; that this plaintiff had not been in the state of Iowa at any time since the 29th day of March, 1888; that no service has been had upon the plaintiff in the suit pending in the state of Iowa, except the service by publication required by the statutes of Iowa, and this plaintiff has never made any appearance in the action pending in the state of Iowa, heretofore mentioned.

"It is further stipulated that the debt for which this plaintiff was sued in said justice court of E. S. Barnett was contracted with one A. D. Lange, for groceries, in the town of Seward, state of Nebraska, and was assigned to G. W. Groves, of Council Bluffs, Iowa, the plaintiff in that action.

"It is further agreed that this plaintiff is the head of a family, and at all times a resident of Nebraska, and that by the laws of the state of Nebraska his wages, the matter in controversy, are exempt from execution or attachment, and that he has no other property. It is further stipulated that by the laws of Iowa the wages of a nonresident are not exempt from execution or attachment. And is is hereby agreed that this cause may be tried to the court, a jury being hereby waived."

A judgment was rendered against the railroad company for $25.92 and costs, to reverse which it prosecutes a petition in error. It appears from the agreed statement of facts that the defendant company was compelled, by garnishment proceedings, brought in a justice court at Council

Bluffs, Iowa, to pay the money sought to be recovered in this action. The sole question, therefore, involved in this case is this: Is the judgment in garnishment a bar to this suit?

It is admitted that Moore is the head of a family and a resident of this state, and that he worked for the defendant company seventeen days, amounting to $25.92. Under our statutes these wages are exempt from garnishment in this state. Whether or not this exemption follows the debt, the decisions in this country are conflicting. In *Wright v. C., B. & Q. R. R. Co.*, 19 Neb., 175, it was held that where a debt is contracted in another state by whose laws it is exempt from attachment, execution, and garnishment, the exemption will continue in this state in case an action is brought on the claim. The doctrine of that case is sustained by the following authorities in addition to those cited in that opinion: *Pierce v. Railway Co.*, 36 Wis., 283; *Bank v. Railway Co.*, 45 Id., 172; *Drake v. Lake Shore & M. S. R. Co.* [Mich.], 37 N. W. Rep., 70; *Railroad Co. v. Dooley*, 78 Ala., 524.

The court of last resort in the state of Iowa has uniformly held that exemption laws have no extra-territorial force. In other words, that in garnishee proceedings brought in the courts of that state, it is no defense that the debt owing by the garnishee is exempt by the laws of the state where the garnishee and defendant both reside. (*Newell v. Hayden*, 8 Iowa, 140; *Leiber v. Railroad Co.*, 49 Id., 688; *Mooney v. U. P. Ry Co.*, 60 Id., 346; *Broadstreet v. Clark*, 65 Id., 670.) The Iowa rule has been adopted in some of the other states. (*B. & M. R. R. Co. v. Thompson*, 1 Pac. Rep. [Kan.], 622; *Morgan v. Neville*, 74 Pa. St., 52.)

If the proceedings in garnishment are valid and binding in Iowa, they are conclusive upon the parties thereto in this state, notwithstanding the debt condemned by judgment in garnishment would have been exempt in this state. The material inquiry, therefore, is, Did the Iowa

court obtain jurisdiction over the debt here sued for, so as to subject it to the claim of the plaintiff in garnishment?

It appears that in the suit commenced by Groves against Moore in the justice court in Iowa, notice of garnishment was duly served upon the railroad company; that it appeared and answered, disclosing its indebtedness to Moore in the sum of $25.92, and in obedience to the order of the justice the company paid the money into court. Moore was also duly served by publication, and judgment was rendered against him as a non-resident. These facts, under the statutes and decisions of Iowa, conferred jurisdiction over the debt due from the garnishee.

A similar question was decided by the supreme court of Iowa in *Mooney v. P. Ry. Co.*, 60 Iowa, 346. The plaintiff sued one C. F. Rollins and garnished the railroad company. The garnishee was indebted to Rollins for wages earned in this state. He was hired in Nebraska, and it was the custom of the company to pay the wages of such employees here. Service of notice was made upon Rollins in this state, which conferred the same jurisdiction as would service by publication. Garnishment process was served upon the company in Pottawattamie county, Iowa. Mooney and Rollins were both residents of Nebraska, and plaintiff knew when he commenced the suit that two months' wages of the defendant were exempt by the laws of this state. Judgment was rendered in the trial court against the garnishee and Rollins. It was held that the court had jurisdiction to render the judgment and that the garnishee was liable.

*Moore v. C., R. I. & P. R. R. Co.*, 43 Iowa, 385, is predicated upon facts similar to those in the case at bar. The defendant in that case was a corporation existing under the laws of Iowa and Illinois, and operated its road in said states and a connecting line of road in Kansas and Missouri. The company became indebted to the plaintiff in the sum of $14.62 for labor performed for it in Iowa,

in which state he resided with his family. By the laws of Iowa his wages were exempt, but under the statutes of Missouri were liable to execution or attachment. Harry Barton sued the plaintiff before a justice of the peace in Missouri and garnished his wages in the hands of the railroad company. Service of notice was made upon Moore by publication. The railroad company answered that it was indebted to Moore in the above sum, and the justice rendered judgment against Moore and also against the railroad company as garnishee. Subsequently Moore brought suit in Iowa to recover from the railroad company the same debt. The court held that the judgment rendered against the garnishee in Missouri was a complete bar to the suit.

The judgment in the garnishment suit set up by the plaintiff in error, being valid and binding upon the parties thereto in the state where rendered, is entitled to full faith and credit in this state, and cannot be collaterally attacked. The plaintiff in error having paid and satisfied that judgment, it is a complete defense to this action. (Drake on Attachment, sec. 706; *Allen v. Watt,* 79 Ill., 284; *Morgan v. Neville,* 74 Pa. St., 52; *Moore v. C., R. I. & P. R. R. Co.,* 43 Ia., 385; *Grosslight v. Crisup,* 58 Mich., 531; *Barrow v. West,* 23 Pick., 270.)

In reaching the conclusion we have, we do not overrule or in any manner modify the rule laid down in *Wright v. C., B. &. Q. R. R. Co.,* 19 Neb., 175. We are simply giving such faith and credit to the judgment of a sister state as comity between the states demands. The defendant in error has his remedy by action against Lange, if the latter assigned his claim to Groves for the purpose of bringing suit in Iowa and to evade the exemption laws of Nebraska. (*Albrecht v. Treitschke,* 17 Neb., 205.)

The judgment of the district court is reversed, and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.