## GERMAN BANK, Appellee, v. AMERICAN FIRE INSURANCE COMPANY, Appellant.

1. **Attachment:** GARNISHMENT OF NON-RESIDENT DEBTOR: GARNISHEE SUED IN ANOTHER STATE: ABATEMENT. A., a corporation organized under the laws of Pennsylvania, and doing business under a license in the state of Illinois, and also in this state, being indebted to D., a corporation organized under the laws of this state, the latter assigned its claim against A. to G., a resident of this state, and gave notice thereof to A. Afterwards the firm of G. & W., creditors of D., commenced an action against D., aided by attachment, in the state of Illinois, and garnished A. The latter answered as to the assignment to G., and thereupon G., being served with notice to interplead, appeared and

83  491
95  713
83  491
96  558
83  491
115  714
83  491
130  349
83  491
132  26
83  491
138  204

answered in the case in Illinois, submitting itself and its interests in the debt garnished to the jurisdiction of that court. Subsequently, and while the action in Illinois was still pending, G. commenced an action upon the assigned claim against A. in this state. *Held*, upon demurrer to an answer by A. therein, in the nature of a plea in abatement, that the laws of Illinois being presumed to be the same as those of this state, in the absence of a showing to the contrary, A. was liable to suit upon the claim of D. in the courts of Illinois, in all respects as a resident corporation of that state would be, and likewise to garnishment therefor, and, therefore, the Illinois court, by its process of garnishment, and the appearance of G. therein, had acquired jurisdiction of the claim in controversy.

2. **Process**: EXTRA-TERRITORIAL SERVICE: VOLUNTARY APPEARANCE: WAIVER OF JURISDICTION. The Illinois court being without jurisdiction to require G. to interplead in the garnishment proceeding, its appearance in response to the process of that court is to be regarded as voluntary, and a waiver of its right to object to the jurisdiction of the court.

## Appeal from Dubuque District Court.

### SATURDAY, OCTOBER 17, 1891.

ACTION on a policy of insurance. The answer of the defendant was in the nature of a plea in abatement. A demurrer thereto was sustained, and, the defendant refusing to further plead, judgment was rendered in favor of the plaintiff for the amount of its claim. The defendant appeals.—*Reversed.*

*Myron H. Beach,* for appellant.

*McCeney & O'Donnell,* for appellee.

ROBINSON, J.—The facts admitted by the pleadings are substantially as follows: The defendant insured the Dubuque Mattress Company on certain property against loss by fire to the amount of five hundred dollars. On the first day of April, 1889, and during the life of the policy, the property insured was destroyed by fire, and the defendant thereby became liable on its

policy for its full amount. On the next day the
assured assigned to the plaintiff its claim against the
defendant for the loss, and the latter was notified of
the loss and the assignment. At the time in question
the plaintiff and the mattress company were Iowa cor-
porations, engaged in business at Dubuque, and the
defendant was a corporation organized under the laws
of the state of Pennsylvania, having its general agency
at Philadelphia, and doing an insurance business in
Dubuque, and also in Illinois under a license issued by
that state. On the tenth day of April, 1889, the firm of
Glover & Willcombe, doing business in Chicago, com-
menced an action in the superior court of Cook county
against the Dubuque Mattress Company. The action
was aided by attachment, and the defendant was served
with a notice of garnishment as a debtor of the mattress
company, and made answer under oath, as required by
the laws of Illinois. In its answer it stated the facts
in regard to the insurance and loss, and the assignment
to the plaintiff. Glover & Willcombe thereupon made
application to the court, under the laws of Illinois, for
an order requiring the plaintiff to interplead, which
was granted and served. The plaintiff then appeared
in the action, and, as the answer in this case alleges,
"submitted itself, and its rights, claims, interests and
property in and to the subject-matter of this action, to
the jurisdiction of said superior court, and made and
filed therein its plea and interpleader, setting forth its
rights to and ownership of and interests in said subject-
matter by virtue of the assignment thereof aforesaid."
The plaintiffs in that action denied the allegations
contained in the answers of the garnishee and the
bank, and the issues thus formed stood for trial in the
superior court of Cook county when this action was
commenced. That court had competent original juris-
diction, and the proceedings therein had were author-
ized by the statutes of the state of Illinois.

I. The ground of the demurrer is, in substance, that the facts set out in the answer fail to show that

1. ATTACHMENT: garnishment of non-resident debtor: garnishee sued in another state: abatement.

the Illinois court has jurisdiction of the defendant, or of the subject-matter of this action. The theory upon which the demurrer was sustained appears to be that the defendant and the Dubuque Mattress Company were, as to Illinois, foreign corporations; and as the defendant is not shown to have had the money in controversy in its possession in that state, and as the transaction out of which the indebtedness arose was not in any way connected with any office or agency of the defendant, jurisdiction was not acquired by the proceedings therein had. There are authorities which hold that process of garnishment served upon a non-resident of the state in which the action is pending, who is but temporarily within that state, is not effectual as an attachment; and the reason given for such holding is that property not in the state, in the hands of non-residents, and debts due from them, are not within the jurisdiction of the court, and, therefore, cannot be acted upon by it. *Wright v. Chicago, B. & Q. Ry. Co.*, 27 N. W. Rep. (Neb.) 90. "Mere choses in action are considered with reference to the trustee process as local, and not as following the person of the trustee wherever he may transiently be found." *Sawyer v. Thompson*, 24 N. H. 514. In that case it was held that, if all the parties are inhabitants of another state, the garnishee cannot be charged where suit is brought, unless he has goods in his hands belonging to his principal, or has contracted to pay him money or deliver him goods in the state where the action is brought and the process of garnishment is served; and, in the absence of statutory enactment to the contrary, that is, perhaps, the general rule, especially when the defendant is not personally served within the state. *Lawrence v. Smith*, 45 N. H. 539;

*Green v. Bank*, 25 Conn. 452; *Gold v. Housatonic Ry. Co.*, 1 Gray, 425; *Tingley v. Bateman*, 10 Mass. 343.

But we do not think the authorities cited are applicable to this case. The pleadings do not show what the laws of Illinois are, excepting as we have stated, and, in the absence of a showing to the contrary, we must presume that they are the same as the laws of this state. The defendant, when garnished, was doing an insurance business under a license duly issued. In order to transact such business, it was necessary for it to appoint an agent in that state on whom process might be served with the same effect as though it had been served upon the company. Code, sec. 1144; *Niagara Ins. Co. v. Rodecker*, 47 Iowa, 165.

The fact that it had been licensed, and was doing an insurance business in the state, authorizes the presumption that it had in all respects complied with the requirements of its laws. *Ex parte Schollenberger*, 96 U. S. 369. By so doing, it became subject to those laws, and to treatment in many respects as a domestic corporation, and liable to be sued in all respects as such a corporation would be. *McNichol v. Mercantile Rep. Agency*, 74 Mo. 472; *Railway Co. v. Harris*, 12 Wall. 65. An action aided by attachment may be brought in any county of the state, wherever any part of the property sought to be attached may be found, when the defendant whose property is thus pursued is a nonresident of the state. Code, sec. 2580. The record does not show what agency the defendant had in Illinois; but whether it had its principal place of business for the state in Cook county, or whether it was found there in the person of an agent, is immaterial, for the purposes of this case. No question is made as to the agent upon whom service was made, nor as to the county in which the action was brought, and the provisions of law were ample for commencing action against the defendant and enforcing its liability in

Illinois. Code, secs. 1144, 2584, 2586. Proceedings by garnishment are, in effect, a suit by the defendant in the name of the plaintiff against the garnishee. Drake on Attachment, sec. 452; *Daniels v. Clark*, 38 Iowa, 559. Had the mattress company, before assigning its claim, brought suit against the defendant in Illinois, it cannot be doubted that it could have recovered, and any creditor of the mattress company could have appropriated the debt by means of an action against that company aided by attachment. Therefore, assuming that the defendant owed the mattress company when Glover & Willcombe commenced their action, it was authorized. The case of *Mooney v. Illinois Cent. Ry. Co.*, 60 Iowa, 347, as to the right of garnishment, is much like this in principle, and supports the conclusion we have reached. See, also, *Hannibal & St. J. Ry. Co. v. Crane*, 102 Ill. 249; *Morgan v. Neville*, 74 Pa. St. 56; *Barr v. King*, 96 Pa. St. 487; *McAllister v. Pennsylvania Ins. Co.*, 28 Mo. 216.

It must be understood that what we have said applies to the attachment by garnishment of debts, and not to other personal property, as merchandise, which has a corporeal existence and an actual location. The rule in regard to such property was considered in *Montrose Pickle Co. v. Dodson & Hills Mfg. Co.*, 76 Iowa, 172. It is our opinion that the pleadings show that the superior court of Cook county acquired jurisdiction of the claim in controversy by its process of garnishment, and the service of notice of the proceedings on the bank, the plaintiff in this action.

II.   A further objection to the right of the plaintiff to maintain this action is that it submitted itself to the **2. PROCESS: extra territorial service: voluntary appearance: waiver of jurisdiction.** jurisdiction of the superior court of Cook county by appearing therein, and joining issue on the merits of the controversy. If that court was not authorized to make the order requiring the bank to interplead, the action

of the latter in appearing must be regarded as voluntary, and as a waiver of its right to object to the jurisdiction of the court. *Young v. Ross*, 31 N. H. 205. REVERSED.