W. D. Schmidt, *et al.,* Appellants, v. H. A. Posner, *et al.,*
Appellees.

**Abatement of actions.** The pendency of another action between
1   the same parties and for the same cause in a foreign state,
will not serve to abate the later action in the courts of this
state; nor is this rule affected by Code Sections 3561 and 3563
relating to the mode of pleading.

**New trial.** A new trial may be granted for error relating to a
2   counterclaim alone, but where the counterclaim grew out of the
same contract upon which plaintiff's claim was based, it was
not error to grant a new trial of the whole case.

*Appeal from Cass County District Court.*— Hon. O. D.
Wheeler, Judge.

THURSDAY, APRIL 5, 1906.

A VERDICT for the plaintiffs was set aside and a new
trial granted.   The plaintiffs appeal.— *Affirmed.*

*J. B. Rockafellow* and *F. P. Sadler,* for appellants.

*Bruce & Ziegler,* for appellees.

LADD, J.— The action by plaintiff was to recover moneys collected by Posner & Myers for suits of clothing furnished them in pursuance of a contract between the parties and for the value of certain samples.   The counterclaim was for damages alleged to have been suffered by Posner & Myers owing to plaintiff's refusal to fill certain orders in accordance with the terms of said contract.   By way of plea in abatement, the plaintiff alleged the pendency of a suit by Posner & Myers against the plaintiff in the superior court of Cook county, Ill., a court of general jurisdiction, wherein the identical damages sought to be recovered in the counter-

claim were demanded. In the trial the pendency of the action in Illinois was proven as alleged, and owing to this, the trial court refused to submit the issues raised in the counterclaim to the jury. On account of this error a new trial was granted. That it was an error is fully established by the authorities.

1. The doctrine that a subsequent action may be abated by the pendency of a prior one between the same parties for the same cause does not apply where the prior action 1. ABATEMENT   is pending in the courts of another state or OF ACTIONS.   in a foreign country. *Hatch v. Spofford,* 22 Conn. 485 (58 Am. Dec. 433); *Goodall v. Marshall,* 11 N. H. 88 (35 Am. Dec. 472); *Smith v. Lathrop,* 44 Pa. St. 326 (84 Am. Dec. 448, and note); *Mutual Life Insurance Co. v. Harris,* 96 U. S. 588 (24 L. Ed. 737). See cases collected in 1 Cyc. 3. The reasons for this are well stated in the first-cited case:

Every country or state is entirely sovereign and unrestricted in its powers, whether legislative, judicial, or executive, and hence does not acknowledge the right of any other nation to hinder its own sovereign acts and proceedings. Nor will the courts of one country take notice of the courts of another, nor of its laws, or rules for the administration of justice; and therefore the courts of a country where a second suit is brought will not dismiss a suitor merely because initiatory steps have been taken elsewhere. It may be cause for staying proceedings; but to abate a suit is to put a final end to its existence. Should it do this, it might learn too late that no adequate remedy can be had elsewhere. That country is undutiful and unfaithful to its citizens which sends them out of its jurisdiction to seek justice elsewhere. We need not repeat, that from necessity it does not know what is practicable in a foreign jurisdiction; what the mode of trial there, the rules of evidence, the statutes of limitation; or what the kind of judgment and satisfaction, and whether, if satisfaction is to be had at all, it may not be on terms prescribed by laws favoring chiefly the interests of the debtor. This is so, even in some of these states; how much more may it be so in other states and

countries. Besides, the expense, uncertainty, and delay incident to a trial abroad, perhaps in a country very remote, is, one would think, cause enough for prosecuting a suit at home. The creditor, having been obliged to sue the debtor abroad, because he was found there, and could be sued nowhere else, should not be denied the right to sue his debtor at home. In truth, to do this in such a case is not unnecessary and vexatious; for it is what the most upright and scrupulous man would do without hesitation.

Appellant concedes the weight of authority to be as stated, but argues that this court in construing certain statutes has held otherwise. One of the grounds of demurrer enumerated in section 3561 of the Code is "that there is another action pending between the same parties for the same cause," and in section 3563 the objection may be taken by way of answer when the grounds of the demurrer do not appear on the face of the petition. The matter in abatement may be pleaded in the reply. Section 3642, Code. These provisions relate solely to the mode of pleading, and do not purport to determine what shall be sufficient to sustain such a plea, nor to abrogate the sovereign power of deciding causes in the courts of this state without hindrance in other jurisdictions. *German Bank v. American Fire Insurance,* 83 Iowa, 491, relied on by appellant, is not to the contrary, but merely recognizes a well-established exception in favor of the debtor served with the garnishee process in another jurisdiction. See, also, *Willard v. Sturm,* 96 Iowa, 555; *Chicago, Rock Island & Pacific Ry. Co. v. Sturm,* 174 U. S. 710 (19 Sup. Ct. 797, 43 L. Ed. 1144).

II. Appellant contends that a new trial should have been granted on the counterclaim alone. For all that appears, this is what was done. The ruling was merely that the "motion for a new trial is sustained." The motion is not set out. If necessary to uphold the decision, we should presume that the motion demanded no more than defendants were entitled to. That

2. NEW TRIAL.

a new trial of the issues raised in the counterclaim alone may, sometimes, be granted, see *McAfferty v. Hale,* 24 Iowa, 355; *Sherman v. Hale,* 76 Iowa, 383. But, assuming that the order was for another trial of the entire case, it cannot be said that there was any abuse of discretion. The cause of action, set up in the counterclaim, arose out of the con-. tract upon which the claim of plaintiff was based, and the court might well have concluded that justice would be sub-erved by submitting the entire controversy between the parties to the same jury.— *Affirmed.*