J. B. LEECH, Appellant, v. E. S. BROWN, Appellee.

GARNISHMENT: Persons and Property Subject—Nonresident Judgment Defendant—Resident Garnishee—Judgment in rem. A judgment *in rem* against a nonresident defendant will support a judg-

ment *in personam* against a resident garnishee.   (Secs. 3878, 3897, 3935, 3946, Code, 1897.)

GARNISHMENT: Persons and Property Subject—Resident Garnishee
2  Owing Debt Payable in Foreign State.  A resident garnishee, indebted to a nonresident defendant, is liable to a personal judgment, even though the debt is payable in the state where the nonresident defendant resides.   The *situs* of the debt does not control.   The residence of the debtor of the judgment defendant does control.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

TUESDAY, OCTOBER 19, 1915.

ACTION to set aside a judgment rendered by the district court of Woodbury county against the plaintiff as garnishee in a suit brought by defendant, Brown, against one U. P. Matthews.   The trial court sustained a demurrer to the petition and plaintiff appeals.—*Affirmed.*

*C. B. Stiger* and *W. G. Sears,* for appellant.

*McCormick & McCormick,* for appellee.

DEEMER, C. J.—I. One Matthews was the owner of a farm in the state of Nebraska which he contracted to sell to the plaintiff, who was a resident of Woodbury county, Iowa.   The sale was made in January, and plaintiff, Leech, made a small cash payment down, agreeing to pay the remainder of the purchase price to Matthews on the first day of March, when he (plaintiff) was to receive a deed for the farm.   The deferred payment was to be made in Nebraska.   Matthews was indebted to defendant, Brown; and, after the making of the contract of sale, but before the first day of March, when the contract was to be completed, Brown commenced an action, aided by attachment, against Matthews in the district court of Woodbury county, Iowa, and caused Leech, who was a resident of Wood-

1. GARNISHMENT: persons and property subject: nonresident judgment defendant: resident garnishee: judgment *in rem.*

bury county, Iowa, to be garnished as a debtor of Matthews. Judgment *in rem* was rendered against Matthews, and a personal judgment for the amount owing from Matthews to Brown was rendered against the garnishee. The garnishee did not appeal; but after the judgment was rendered, he brought this independent action in equity to set aside the judgment against him, for the reason that no personal judgment was or could be rendered against the main defendant, and for the further reason that the district court had no jurisdiction of the garnishee, the debt being payable in Nebraska and having no situs in this state. The demurrer was the general equitable one, and plaintiff insists that the trial court was in error in sustaining the same.

II. Appellant, while admitting that a judgment *in rem* was entered against the principal defendant, broadly contends that such judgment will not sustain a garnishment, and that the judgment must be *in personam* and not *in rem*. Whatever the rule in other states, this is not the rule here. Nonresidence is one of the reasons for an attachment in this state, and as garnishment is simply a form of attachment, the presence of a debtor in this state as an actual resident is sufficient to support an action aided by attachment in the proper county against a nonresident debtor. See Code, §§ 3878, 3897, 3935 and 3946. Also *Woodward v. Adams*, 9 Iowa 474, and *McDonald & Co. v. Moore*, 65 Iowa 171. As the proceeding must be *in rem* where the judgment defendant is a nonresident, it follows that such a judgment is ample support for a judgment against a garnishee. *Willard v. Sturm*, 96 Iowa 555.

III. Under our holdings, if the garnishee be a resident of the state and indebted to a nonresident defendant, he is liable to judgment although the debt be payable in another jurisdiction. It is the residence of the debtor to the judgment defendant, and not the situs of the debt, which is controlling. *Moore v. Chicago, R. I. & P. R. Co.*, 43 Iowa 385; *Mooney v. Union P. R. Co.*, 60 Iowa, 346; *Elson v. Chicago, R. I. & P. R. Co.*, 154 Iowa 96; *German Bank v. American*

2. GARNISHMENT: persons and property subject: resident garnishee owing debt payable in foreign state.

*Fire Ins. Co.,* 83 Iowa 491; *The Montrose Pickle Co. v. The Dodson & Hills Mfg. Co.,* 76 Iowa 172. In *Mooney's* case it is said:

"As is said in *Green v. Van Buskirk,* 7 Wall, 139, attachment laws 'necessarily assume that property has a *situs* entirely distinct from the owner's domicile.' 'The plaintiff occupies, as against the garnishee, the position of the defendant, with no more rights than the defendant had, and liable to be met by any defense which the garnishee might make against an action by the defendant.' *Daniels & Co. v. Clark,* 38 Iowa 556. And we think if the defendant, Rollins, could have maintained an action against the appellant in this state for the recovery of his wages, it follows that the debt was within this state, and subject to attachment. Whether he could have maintained such action does not depend upon the question as to the custom to make payment in Nebraska, but whether appellant was subject to the jurisdiction of the courts of this state, which we will now proceed to consider."

See, also, Rood on Attachments, Garnishments, etc., pp. 237, 242, 243, 244, 245 and 246.

Courts will, however, save the garnishee from a double liability whenever such seems to be the result of a particular case. See *Chicago, B. & Q. R. Co. v. Moore* (Nebr.), 48 N. W. 475. No other questions going to the jurisdiction of the court are presented and, as there is no merit in either of the ones relied upon for a reversal, the judgment must be and is—*Affirmed.*

LADD, GAYNOR and SALINGER, JJ., concur.