## SMITH v. DICKSON.

1. **Judgment:** JUSTICE OF THE PEACE: GARNISHMENT. A judgment rendered by a justice of the peace, against a garnishee residing in another county, upon such garnishee's answers, though without notice to the judgment debtor, would be a valid defense to an action brought by him against such garnishee for the same indebtedness.

2. ———: ———: PROCURED IN BAD FAITH. Where the garnishee knowing the funds in his hands were exempt, procured the garnishment against himself, and failed to plead the exemption or notify the judgment debtor, it was held that such judgment was procured in bad faith, and would be no shield or defense to an action for the same funds.

*Appeal from Delaware Circuit Court.*

TUESDAY, JUNE 6.

ACTION to recover for work and labor performed by the plaintiff's minor son. Defendant answered he had been garnished as the supposed debtor of the plaintiff, and that judgment therein had been rendered against him for the full amount claimed by the plaintiff.

.The plaintiff replied that the indebtedness sued for was exempt from "execution and garnishment, and defendant well knew the same was exempt to him as the head of a family, but that he fraudulently, to cheat and defraud plaintiff, and while residing in Delaware county, and after this suit was brought, went over into Clayton county and procured himself to be garnished * * * without plaintiff's knowledge, and procured * * * a judgment to be entered up against himself. All done without disclosing the fact of his full liability to plaintiff, or that the indebtedness was for services of plaintiff's minor son, and exempt from execution; all done without notice to plaintiff and without plaintiff's knowledge." A demurrer to the reply was sustained, and plaintiff electing to stand thereon, judgment was rendered against him, and he appeals.

*Blair & Dunham*, for appellant.

*C. B. Kennedy*, for appellee.

SEEVERS, J.—I.   The amount in controversy being less than one hundred dollars, two questions have been certified upon which the opinion of the court is asked.   The first is as follows:

"Is a judgment rendered by a justice of the peace against a garnishee living in another county, upon such garnishee's answers, a valid defense when plead by such garnishee in bar of an action brought against him by the judgment debtor for the same indebtedness, it being conceded that the original judgment in which the garnishment proceedings were had was valid, and obtained before said justice, who had jurisdiction of the subject-matter of said suit and of the judgment debtor?"

It is insisted that while it appears the judgment against the plaintiff was valid, and the justice had jurisdiction of the

1. JUDGMENT: justice of the peace: garnishment.

subject-matter and of the person of the defendant, yet as it affirmatively appears the plaintiff was a resident of Delaware county, the justice of the peace of Clayton county did not have jurisdiction of the plaintiff in the garnishee proceeding, and therefore the judgment rendered therein against the defendant is void. There is no provision of the statute requiring notice of the garnishment proceeding to be served on the judgment debtor, so that the court may proceed in such cases against the garnishee without having jurisdiction of such debtor.   He is not a necessary party to the action.   Besides this it has been held the proceeding in garnishment is auxiliary and must be in the county where the judgment was rendered.   *Miller & Co. v. Mason & Co.*, 51 Iowa, 239.   The foregoing question must be answered in the affirmative.

II.   The second question is as follows:

"Could said judgment debtor, as plaintiff in this action against said garnishee, plead in avoidance of the bar of said

judgment against the garnishee that the indebtedness was for wages exempt from execution, and that said garnishee, to defeat plaintiff, procured himself to be garnished between the giving of the original notice and trial of this action in justice court, the plaintiff having no actual notice or knowledge of said garnishee judgment until pleaded as a defense in this action?"

In *Lieber v. The U. P. R. Co.*, 49 Iowa, 688, it was said to be an open question in this State, whether a garnishee was bound or privileged to set up the fact that the money in his hands was exempt from execution against the defendant in the judgment. We do not feel called upon to determine this question now.

2. ——: ——: procured in bad faith

The demurrer to the reply having been sustained, and the plaintiff allowing judgment to go against him, makes it apparent the foregoing question was drafted with reference to the facts pleaded in the reply, and that the latter should be taken into consideration in determining the question. This being so we have this case: the defendant, knowing the money in his hands was exempt from execution, procured himself to be summoned as garnishee, failed to plead the exemption or notify the plaintiff so that he might do so. This was in the nature of a fraud on the plaintiff. The judgment against the defendant was rendered by collusion or procurement on his part, and he should not, we think, be permitted to set it up as a shield or defense in this action. Even if it be conceded the rule is that a garnishee defends only for himself, the defense must be in good faith. But here no defense was interposed, and in bad faith, in fraud of the rights of the plaintiff, the defendant procured a judgment against himself.

The foregoing question must be answered in the affirmative. The result is that the judgment of the Circuit Court must be

REVERSED.