OF

## THE STATE OF IOWA

AT

### DES MOINES, MAY TERM, A. D. 1895

AND IN THE FORTY-NINTH YEAR OF THE STATE.

---

JACOB KRAMER v. J. Q. ADAMS & COMPANY, Appellants.

**Landlord's Lien:** GARNISHMENT. A tenant sold two lots of grain upon which his landlord had a lien. The buyer was garnished by the landlord. He had then paid the tenant for one lot and paid the sheriff for the second lot, taking his receipt. *Held,* to be no bar to a suit for conversion of the second lot. Code, 2986 and 3047, make payment to the sheriff a release from the debtor, not from the creditor.

*Appeal from Lyon District Court.*—HON. A. VAN WAGE-NEN, Judge.

WEDNESDAY, MAY 15, 1895.

(489)

The plaintiff leased to Al. Holman and Thomas Barry certain land for the year 1893, and they sublet a part of it to J. A. Miller. Of the grain raised on the land, and on which plaintiff had a lien, ninety bushels and twenty pounds of wheat and three hundred and thirty bushels and twenty-four pounds of flax, of the agreed value of two hundred and ninety-six dollars and forty-five cents, were sold to the defendant company. This action is to recover its value because of a wrongful conversion. In a suit of the plaintiff's against Holman, Barry and Miller to recover for the rent, a landlord's attachment issued, and the defendant company was garnished, and it answered to the sheriff that it owed defendant in that case twenty-one dollars and twenty-five cents, which it paid to the sheriff, and took from him a receipt, as follows: "Lester, Iowa, September 11, 1893. Received of J. Q. Adams & Co., $21.25, in case of Jacob Kramer against J. A. Holman and J. A. Miller and Thomas Barry, wherein the said company has been garnished, September 11, 1893. It being desired by said company to pay said amount to the sheriff, and get released to date on said garnishee, I hereby accept amount. J. D. Wilson, Sheriff of Lyon county, Io." The amount thus paid and receipted for was owing for grain purchased of the lessees by defendant, other than the amount for which the two hundred and ninety-six dollars and forty-five cents was paid. As to that amount defendant made no answer to the sheriff. The defendant seeks to estop the plaintiff from a recovery, on the ground that the sheriff, under the garnishment proceedings, as agent for plaintiff, induced him to pay over the twenty-one dollars and twenty-five cents, by representing that he had money enough to pay off all of plaintiff's claims under his landlord's lien. At the conclusion of the evidence, the

situation was such that the court directed a verdict for the plaintiff, and from a judgment thereon the defendant appealed.—*Affirmed.*

*McMillan & Dunlap* for appellants.

*Parsons & Van Wagenen* for appellee.

Granger, J.—The district court refused to allow the receipt given by the sheriff, and set out in the statement of facts, to remain in evidence, and that ruling is the only ground of complaint in the case. The ground upon which error is predicated is that the sheriff was the agent of the plaintiff in the service of the writ, and that under Code, sections 2986, 3047, the defendant, by the payment of the twenty-one dollars and twenty-five cents, is discharged from further liability. One Beswick was the agent for the defendant company throughout the transaction. From his testimony it appears that the two hundred and ninety-six dollars and forty-five cents was paid to Holman before the service of the garnishment notice, and that the twenty-one dollars and twenty-five cents paid to the sheriff was all that was owing to the lessees. These facts are quite important. The situation is that, when the company was garnished, it was owing only the twenty-one dollars and twenty-five cents which it paid to the sheriff. It had no property in its hands belonging to the lessees, nor was it owing them anything. It had paid for all other grain. The fact that the company might be called upon again to account for the grain wrongfully converted, as against plaintiff, did not make it a debtor to the lessees, nor in any way liable to them. Section 2986 is as follows:

"Sec. 2986. A garnishee may, at any time after answer, exonerate himself from further responsibility,

by paying over to the sheriff the amount owing by him to the defendant, and placing at the sheriff's disposal the property of the defendant, or so much of said debts and property as is equal to the value of the property to be attached, all of which may afterwards be treated as though attached in the usual manner."

The responsibility from which the garnishee is to stand exonerated on payment is to the debtor or defendant in the suit, and not to the plaintiff or creditor. The conversion had already taken place, and the liability for the two hundred and ninety-six dollars and forty-five cents was already fixed, as between these parties, before the garnishment; and, in the answers to the sheriff, no notice was taken of it, but only of sales for which there was an indebtedness. It will be seen that the facts are not those contemplated by the section under consideration.

The same consideration meets the claim for section 3047, which provides for a discharge of a person indebted to a defendant in execution upon payment to the sheriff of the amount of the indebtedness, or so much thereof as will satisfy the execution. The section, like the other, only provides for the discharge of debts due the debtor in the suit.

There does not seem to be anything in the acts of the sheriff to in any way prejudice a legal right of the defendant company, for it owed the lessee the twenty-one dollars and twenty-five cents, and that amount must be paid under the garnishment. The two hundred and ninety-six dollars and forty-five cents was paid over before the receipt was taken, and hence the money was not parted with relying on the acts of the sheriff. The receipt in question was entirely immaterial to the issue, and was properly excluded.— *Affirmed.*