MARY A. MALONE, Administratrix, Appellant, v. OLIVER T. MOORE et al., Appellees (and two other cases).

No. 40715.

APRIL 10, 1931.

Gill & Gill, and Maennel & Gunnell, for appellants.

Hays, Baron & Mathews, for appellee Hannah Moore.

George Magoun, for appellee Sioux National Bank, Trustee.

Shull & Stilwill, for appellee James W. Moore, Executor of the Estate of O. J. Moore, deceased.

FAVILLE, C. J.—Some features of the matters out of which this appeal arises have been before this court heretofore. Malone v. Moore, 204 Iowa 625; Malone v. Moore, 208 Iowa 1300.

On November 28, 1921, the appellee Hannah C. Moore obtained a decree of divorce from O. J. Moore, and by said decree was awarded alimony in the sum of $107500, payable $17500 forthwith and $10000 annually until the entire sum was paid. On January 31, 1924, a supplemental decree was rendered in said divorce cause, by which the former decree as to alimony was vacated and set aside and in lieu thereof it was provided that the said O. J. Moore should pay to the Sioux National Bank of Sioux City, Iowa, the sum of $500 on the last day of each and every month during the lifetime of the said Hannah C. Moore. The said supplemental decree contained the following provision:

"Said sums shall be paid to the said trustee aforesaid and by said trustee delivered or paid to plaintiff to be used by her for her support and maintenance only. The said sums herein provided to be paid shall be for the support and maintenance of said plaintiff and shall not be subject to assignment or alienation by her prior to the date of their maturity and payment to plaintiff, and said plaintiff shall have no property rights or interest therein until the same are actually paid to her."

After the entry of said supplemental decree the said O. J. Moore died, and by order of the court the executor of his estate was directed to make the payments provided for in said supplemental decree to the said Hannah C. Moore during her lifetime. It is stipulated that the said Hannah C. Moore did not receive any payments or installments of alimony under said decree and

judgment from and after January 31, 1929, up to and including June 20, 1930, which was the date of the last garnishment in the cases involved in this appeal. It is also stipulated or established without dispute that the judgment creditors in each of the three cases are the holders of unsatisfied judgments against the said Hannah C. Moore, and that the amount of alimony remaining unpaid to the said Hannah C. Moore and in the hands of the executor of the estate of O. J. Moore, deceased, exceeds the amount due on said judgments. It also is stipulated or established by the record that the indebtedness represented by the judgments in each of the three cases involved was all incurred after the allowance of alimony in the said divorce proceedings to the said Hannah C. Moore, and that credit was extended to her in reliance upon the said decree for alimony. It is also stipulated or established by the evidence that in the case of Malone v. Moore herein the indebtedness was incurred for groceries furnished to the family of a son of the said Hannah C. Moore at the instance and request of said Hannah C. Moore, and was not for necessaries furnished to her personally. In each of the other two cases involved in this appeal the indebtedness for which appellants obtained their judgments against Hannah C. Moore was for clothing and wearing apparel purchased by the said Hannah C. Moore for her personal use and which was necessary and proper to maintaining her in the situation and mode of life to which she had been accustomed.

Some of the questions presented for our determination on this appeal were expressly reserved from our pronouncement in the former appeal of Malone v. Moore, 208 Iowa 1300.

I. We first consider the question as to whether or not an award of alimony, is ''a debt'' within the meaning of the statute on garnishment.

Code Section 12101 is as follows:

''Property of the defendant in the possession of another, or debts due the defendant, may be attached by garnishment as hereinafter provided.''

It is contended that, because the statute authorizes garnishment of a debtor for a ''debt due the defendant'', by virtue of the very terms of the statute garnishment will lie in this case.

The interesting question presented is whether or not an

award of alimony is "a debt" within the meaning of the garnishment statute. The word "debt" has a variety of meanings. See, Words and Phrases (1st, 2d, and 3d Editions), under the word "debt."

That a judgment for alimony is not a "debt" within the purview of the constitutional prohibition against imprisonment for debt was recently decided by this court in Roberts v. Fuller, 210 Iowa 956. See, also, Barclay v. Barclay, 184 Ill. 375 (56 N. E. 636) ; Andrew v. Andrew, 62 Vt. 495 (20 Atl. 817) ; Sheafe v. Sheafe, 36 N. H. 155; Ex parte Perkins, 18 Cal. 60. Also it is well established that an award of alimony is not dischargeable in bankruptcy as a debt. Audubon v. Shufeldt, 181 U. S. 575 (45 L. Ed. 1009, 21 Sup. Ct. Rep. 735) ; Noyes v. Hubbard, 64 Vt. 302 (23 Atl. 727, 15 L. R. A. 394, 33 Am. St. 928) ; Barclay v. Barclay, supra.

In the early case of Daniels v. Lindley, 44 Iowa 567, we said:

"The claim of the wife for alimony is not in the nature of a debt; she is not the creditor of the husband; it is an equitable allowance made to her out of her husband's estate, upon dissolution of the marriage relation, and should be based upon the value of the estate, taking into consideration the debts of the husband."

In Picket v. Garrison, 76 Iowa 347, we said:

"While it is true that the claim for alimony is not a debt within the ordinary meaning of that term, and that it must be ascertained and allowed according to equitable principles, yet it is also true that it is a right, contingent to some extent, which becomes vested with the right to a divorce. It can no more be defeated by a fraudulent conveyance than it could if it were fixed and certain as to amount."

In Parker v. Albee, 86 Iowa 46, we said:

"The allowance of the alimony is based on the legal obligation of the husband to furnish such support and expenses for the wife. No amount of indebtedness of the wife to the husband discharges the husband from such obligation. Such an allowance is made because of the husband's ability to pay it and the wife's necessity for it."

In Shipley v. Shipley, 187 Iowa 1295, we said:

"The relief [alimony] sought is not personal in the sense that a judgment on an ordinary indebtedness is personal. The obligation of the husband for the support of the wife affords the basis for the court's action, but this is not regarded as a debt, in the sense of a pecuniary obligation. It arises from a duty which the husband owes as well to the public as to the wife, though not resting on any specific contract. See dissenting opinion in Schooley v. Schooley, 184. Iowa 835."

In Schooley v. Schooley, 184 Iowa 835, we held that a husband against whom an award for alimony had been rendered was "a debtor" within the purview of the exemption statutes, and hence for the purposes of said exemption statute the award was "a debt". Our pronouncement was expressly limited to the one question of exemption. See Malone v. Moore, 204 Iowa 625.

In Shipley v. Shipley, supra, we cited the dissenting opinion in the Schooley case as to the nature of alimony.

The Schooley case was decided by this court by a division of four to three. It seems to be without support in the decisions of other jurisdictions. We are persuaded that the better rule is presented in the minority opinion in the Schooley case, and the court is of the opinion that the Schooley case should now be overruled and it is accordingly so ordered.

Appellant relies chiefly on two cases to sustain the proposition that an award for alimony is subject to garnishment. One of these is Scheffer v. Boy, 5 Pa. County Ct. Rep. 158. This is a very brief decision, in fact a mere statement by a County Court of Daupin County, Pennsylvania, in 1888. It is not very persuasive as an authority. Another case is Kelso v. Lovejoy, 29 Ohio Cir. Ct. Rep. 597. This is likewise decided by an inferior court. In that case, however, the husband obtained a divorce from the wife, but was decreed to pay a sum to his wife as provided by the statute. The court expressly held the award in that case was not properly alimony, but under the statute was adjudged to the wife as her share of the husband's property. That having been so adjudged it became her property. We do not deem the opinions in these cases persuasive authority.

Wright v. Wright, 93 Conn. 296 (105 Atl. 684), is a leading case on this question. In that case the court said:

"With the exception of Scheffer v. Boy, 5 Pa. County Court 158, an unconsidered opinion, all the authorities hold that decreed alimony is not a debt within the generally accepted legal significance of that word. * * * [Citing cases]. These decisions are necessary to enable the court to enforce the performance of its decree, and to prevent the husband from obtaining a discharge of his obligation of support. They are based upon the proposition that a decree for alimony does not establish the existence and amount of an antecedent debt or liability. The liability arises from the change of *status* accomplished by the divorce, and is incidental thereto. It is based upon the duty of the husband to continue to support a wife whom he has in legal effect abandoned. It defines that duty in terms of money, or property, and decrees specific performance of it; and the state itself has a social and financial interest in the performance of that duty. * * * The same line of reasoning applies to this case. Before the decree was entered the wife's right to support from her husband could not be reached by process of foreign attachment, nor by resort to a creditors' bill; not only because the obligation was too indefinite to be called a debt, but because no court of equity would permit creditors to obstruct the performance of a duty so obviously essential from the standpoint of public interest. After the decree, the obligation is measured in terms of money, but its nature and purpose are not changed. The specific performance of the decree is just as much a matter of public interest as was the performance of the original obligation. Our conclusion is that decreed alimony is not a judgment-debt for purposes of foreign attachment."

The general nature of alimony is discussed in many cases, but perhaps no more ably than by the Court of Errors and Appeals of New Jersey in Lynde v. Lynde, 64 N. J. Eq. 736 (52 Atl. 694), wherein the court, speaking by Mr. Justice Pitney, said:

"An examination into the history of the allowance of alimony, and the nature and uses of alimony, will demonstrate that a claim for such an allowance is far different from a right of property. It is not a right to recover damages or compen-

sation for injury to property or person or for deprivation of property. Nor is it a claim for a property interest in a share of the husband's estate. Alimony, in its origin, was the method by which the spiritual courts of England enforced the duty of support owed by the husband to the wife, during such time as they were legally separated pending the marriage relation. The courts of law could not adequately enforce this duty, but made a clumsy and circuitous attempt to do so, under some circumstances, by employing the fiction that a wife, living apart from her husband by reason of his fault, was his agent for the purpose of binding him to pay third parties for necessaries furnished to her. * * * In this state, the subject-matter of divorce having been, by statute, committed to the court of chancery, and causes for absolute divorce having been allowed other than such as rendered the marriage void *ab initio,* there followed, as a logical consequence, the allowance of permanent alimony in cases of absolute divorce, as a means of enforcing the continuing duty of support which the husband owed to the wife, and of which he was not permitted to absolve himself by his own misconduct, although that misconduct resulted in a dissolution of the marriage. * * * It follows, as a necessary consequence of what has been said, that a wife's claim for an allowance of alimony is a purely personal right, and not, in any sense, a property right. It is, in its nature, not susceptible of assignment by the wife to another, nor capable of enjoyment by her in anticipation. And this result is fully sustained by the authorities.''

In this state alimony is a creature of statute. Code, 10481. It differs in many essentials from an ordinary money judgment. It is *sui generis.* It may be, and usually is, contingent, as, for example, the award may be for a certain number of years, till the party shall remarry, or upon other conditions. It may be stated in the alternative, as in Goldie v. Goldie, 123 Iowa 175. It may be made a lien on the homestead or other exempt property. Luedecke v. Luedecke, 195 Iowa 507. One peculiar characteristic under our statute is that an award for alimony may be changed as to manner and amount of payments. Code, 10481.

The question that concerns us at this point is whether or not where the alimony is decreed as a fixed and definite sum and is unpaid, it is subject to garnishment by a judgment creditor of the wife.

Both alimony and garnishment are creatures of statute. One (Code 10481) provides for an award of alimony, which as we have shown, does not create "property" or "a debt" within the meaning of the statute on garnishment. The garnishment statute (Code, 12101) provides only for garnishment of *property* in the possession of another or *debts* due the defendant. An award for alimony being neither one, garnishment will not lie.

In this connection it is to be remembered that there is a plain distinction between an award of money to be paid and an award of specific property set off to the wife by the decree. In the latter case the property becomes the property of the wife by virtue of the decree and is subject to the wife's debts unless exempt therefrom. In the instant case we hold that the award for alimony as made in the decree was not a debt subject to garnishment and that the court did not err in discharging the garnishees.

II. It is contended, however, by appellants that in any event, where a decree for alimony provides for future cash payments to the wife, and expressly provides as in the case at bar, that said sums are for the support and maintenance of the wife, such payments are subject to garnishment by the wife's creditors, for necessaries furnished to the wife *after* said decree and in reliance thereon.

There is a line of cases that holds that alimony is not subject to garnishment for debts of the wife contracted *prior* to the decree awarding the alimony. Such a rule is recognized in Kingman & Co. v. Carter, 8 Kan. App. 46 (54 Pac. 13) ; Romaine v. Chauncey, 129 N. Y. 566 (29 N. E. 826) ; Andrews v. Whitney, 82 Hun (N. Y.) 117 (31 N. Y. Supp. 164) ; Fickel v. Granger, 83 Ohio St. 101 (93 N. E. 527).

There is dictum in some of the cases suggesting that there *may* be a difference between the right to garnish for *antecedent* debts and the right to garnish for *subsequent* debts incurred for necessaries. The leading case in the country containing such a dictum is Romaine v. Chauncey, supra. In that case, however, the question decided was that alimony awarded to a wife could not be appropriated by her creditors to the discharge of a debt contracted by her and actually subsisting prior to the date of the decree. In the course of the opinion, the court discusses the possibility that a debt contracted by the wife after the decree,

presumably for her support and with reliance upon the alimony, might stand on a different footing from a debt of the wife contracted before the decree. No authorities are cited to sustain this contention. It is dictum and said case did not arise under garnishment proceedings. Although good reasons may be given why such a rule should prevail, especially where the jurisdiction of a court of equity is invoked, such a rule does not pertain in a garnishment proceeding, which is strictly an action at law, prescribed by statute and circumscribed by statutory limitations.

We hold that in this proceeding the appellee was not subject to garnishment for the unpaid alimony due to the wife, even though the judgments of the appellants upon which execution issued were for necessaries furnished to the wife for her support and maintenance after the decree of divorce was entered, and in reliance thereon.

In view of our conclusion as herein announced, it is unnecessary that we determine any other questions argued by appellants, and we expressly reserve pronouncement in regard thereto.

For the reasons pointed out the order of the district court in discharging the garnishees is —Affirmed.

STEVENS, ALBERT, GRIMM, MORLING, KINDIG, and WAGNER, JJ., concur.

EVANS, J., does not concur in overruling of Schooley case.