[Civ. No. 22007.   Second Dist., Div. Two.   Jan. 29, 1957.]

R. W. AGNEW, Appellant, v. JOHN A. CRONIN et al.,
Respondents.

R. W. Agnew, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), Robert C. Lynch, Deputy County Counsel, and Everett H. Smith for Respondents.

FOX, J.—Plaintiff appeals from judgments of dismissal in favor of all defendants after their demurrers to his second amended complaint were sustained without leave to amend.

Plaintiff's second amended complaint is stated in three counts: The first cause of action is for damages for civil conspiracy. The second, which realleges only the same facts recited in the first cause of action, purports to proceed on the theory of actionable fraud. The third cause of action is for declaratory relief. The defendants are the sheriff of Los Angeles County; Mrs. Rowe, a judgment creditor of plaintiff, and her attorney, Oliver C. Hardy; and C. N. Young and Mike Palumbo, who are allegedly indebted to plaintiff, and their attorney, John A. Cronin.

The complaint[1] is lengthy and may be epitomized as follows: Defendant Rowe obtained a judgment against plaintiff for $434.92 in 1953. On December 14, 1954, defendants Young and Palumbo became jointly indebted to plaintiff in the sum of $725.77 for personal services. On that day, Young gave plaintiff his check for $325 in part payment, but caused payment thereon to be stopped the following day. On December 15, 1954, plaintiff informed Young, Palumbo and their attorney Cronin that he was destitute and without funds to procure the common necessities of life and would sue unless paid forthwith the entire amount due. His demand for payment was refused.

On about December 15, 1954, defendants Young, Palumbo and Cronin formed a conspiracy, which defendants Rowe and Hardy joined and participated in about a week later, whose object was to defraud plaintiff out of the aforesaid money due him. The agreement reached by these conspirators and the actions taken pursuant thereto to accomplish its objectives were as follows: (1) to withhold all payments either of the sum of $325 or the sum of $725.77 from plaintiff and defraud him thereof; (2) Young to stop payment of the check given plaintiff;[2] (3) when plaintiff filed suit for the amount due, Young and Palumbo to deny that plaintiff ever performed personal services, that any debt was owed, or that a check had been given and payment thereon stopped; (4) defendants Rowe and Hardy to obtain a writ of execution upon Rowe's

---

[1]It should be emphasized that this court is confronted with questions of law only, and must accept the allegations of the complaint as true for purposes of this appeal.

[2]This phase of the conspiracy antedates the participation therein of Rowe and Hardy.

judgment and direct defendant sheriff to make a levy there-under by garnishing C. N. Young, for money in latter's possession belonging to plaintiff, and to conceal and suppress this proceeding from plaintiff by denying him, and causing to be denied him, any notice thereof and any opportunity to protect his interest in the property levied on by claiming its exemption; (5) to refrain from disclosing to the sheriff that the money levied on in Young's possession represented plaintiff's earnings for personal services rendered and payable on December 14, 1954; (6) to deny plaintiff the rights and protection afforded him as a judgment debtor under sections 690, 690.11, and 690.26 of the Code of Civil Procedure,[3] viz., the privilege of applying for exemption.

It is alleged that pursuant to the above conspiracy, Young stopped payment on the check for $325 issued to plaintiff and that on December 29, 1954, Rowe and Hardy procured a writ of execution in favor of Rowe and against plaintiff as a judgment debtor. The writ was directed to the sheriff with instruction to make levy on money or debts belonging to plaintiff in Young's possession without informing the sheriff that such moneys were plaintiff's earnings for personal services rendered Young within 30 days next preceding the "alleged levy, garnishment and attachment." On December 29, 1954, the sheriff served Young with a garnishment, ordering Young not to pay over to anyone except himself the items garnished. In his "Answer to Garnishment," Young reported he was indebted to plaintiff in the sum of $325, which he had in his possession;

[3]Code of Civil Procedure, section 690, provides: "The property mentioned in Sections 690.1 to 690.25, inclusive, this code, is exempt from execution or attachment, except as therein otherwise specially provided, when claim for exemption is made to the same by the judgment debtor or defendant as hereinafter in Section 690.26 provided."

Section 690.11 provides: "One-half of the earnings of the defendant or judgment debtor received for his personal services rendered at any time within 30 days next preceding the levy of attachment or execution where such one-half is necessary for the use of the debtor, or his family supported in whole or in part by such debtor.

"All of such earnings, if necessary for the use of the debtor's family, residing in this State, and supported in whole or in part by such debtor unless the debts are: (a) Incurred by such debtor, his wife or family, for the common necessaries of life; or, (b) incurred for personal services rendered by any employee, or former employee, of such debtor."

Section 690.26 reads in part: "If the property mentioned in Sections 690.1 to 690.25, inclusive, shall be levied upon under writ of attachment or execution, the defendant or judgment debtor . . . in order to avail himself of his exemption rights as to such property, shall deliver to the levying officer an affidavit of himself or his agent, together with a copy thereof, alleging that the property levied upon, identifying it, is exempt . . ."

however, with intent to defraud plaintiff and pursuant to the conspiracy, he failed to disclose to the sheriff the exempt character of the debt. It is then alleged that the defendants other than the sheriff breached their duty to notify plaintiff of the garnishment in order that he might have an opportunity to claim his privileges under Code of Civil Procedure sections 690.11 and 690.26 and that such defendants, at all times here material, knew plaintiff was a destitute person and that the money levied upon was exempt from execution under sections 690 and 690.11, Code of Civil Procedure.

It is further alleged that plaintiff filed his complaint (No. 639033, Superior Court) against Young and Palumbo for the amount due him for his personal services on January 19, 1955, and caused them to be served with complaint and summons on the following day; and that Young and Palumbo answered said complaint with denials as described in the alleged conspiratorial agreement and that the defendants knew the falsity of such answer.

On February 21, 1955, pursuant to the conspiracy, and with intent to defraud plaintiff, Young paid the aforementioned $325 to the sheriff. On February 25, 1955, the sheriff paid this amount, less the sum of $7.35 as fees, commissions and expenses, to defendant Rowe in partial satisfaction of her judgment. On various occasions between December 15, 1954, and June 27, 1955, plaintiff inquired of Young, Palumbo and Cronin why the sum of $325 was not paid him, and on such occasions they refused to disclose, and deliberately concealed from him, the fact that the sheriff had served the above writ on December 29, 1954. Plaintiff did not learn of the issuance of the writ and the payment to the sheriff pursuant thereto until June 27, 1955.

Concerning the sheriff, plaintiff alleges that it has been the sheriff's continuing practice when garnishing personal property belonging to a judgment debtor to deliberately refrain from giving notice of the service of garnishment to the judgment debtor and to deprive the latter of an opportunity to protect his property; that from January 19, 1955, to February 25, 1955, the sheriff knew of the pendency of plaintiff's complaint for the money levied on because of its nature as a ''public record,'' and that the money so levied on was exempt from execution under Code of Civil Procedure sections 690 and 690.11, and that the sheriff was required, according to the spirit and purpose of said statutes and under the constitutional requirements of due process of law to give him

notice of the levy; that the sheriff's seizure of said property and his delivery thereof to Rowe and Hardy divested him of property rights in violation of law; that the property seized was exempt as plaintiff's earnings for personal service rendered within 30 days next preceding the levy and was necessary for plaintiff's use and the use of his family, who reside in California and are supported in part by him.

It is further alleged that plaintiff suffered emotional shock and suffered hunger and want by reason of the acts of defendants, and that the conduct of the defendants other than the sheriff was actuated by malice.

In his third cause of action, all of the above allegations are reiterated. Plaintiff then asserts that the defendants, other than the sheriff, threaten that if he should recover judgment in his action Number 639033 for the sum of $725.77, that any amount recovered would not be paid to him but that Hardy and Rowe threaten to instruct the sheriff to levy thereon in further satisfaction of the Rowe judgment without notification thereof to plaintiff; and that the sheriff threatens that if instructed to levy on money belonging to plaintiff in the possession of Young or Palumbo, he will levy on and garnishee the same without notice to plaintiff. Plaintiff alleges that a controversy exists (1), respecting the validity of such threatened levy without notice to plaintiff; (2) as to whether the prior levy was conformable to law; (3) as to who is entitled to possession of the $325 taken upon execution; (4) whether he is entitled to notice when the sheriff levies upon his property in the possession of another in order that he might decide whether to waive or claim the privilege of exemption; and (5) whether exempt property retains such status until plaintiff receives knowledge of the levy and elects to waive or claim the privilege. Plaintiff alleges in respect to this controversy that a levy upon his exempt property in the control of a third person without notice to him violates the law, while it is defendants' contention that notice is not required nor do they have any duty to give notice; that unless he have a declaration of rights he will be irreparably damaged.

The prayer is for general and punitive damages against the defendants other than the sheriff, and an injunction prohibiting them from seizing additional property belonging to plaintiff in the hands of Young and Palumbo without notice; declaratory relief; for an order compelling the sheriff to seize the $325 for delivery to plaintiff and an order compelling Rowe to pay said sum over, and for other relief.

The sheriff, Rowe, and Hardy interposed general demurrers. Cronin, Young and Palumbo interposed a joint general demurrer and demurred specially "that there is another action pending between the same parties." All the demurrers were sustained without leave to amend.

■ Turning first to the question of the sheriff's liability, it is to be observed at the outset that the property in dispute was not absolutely exempt from execution but was merely subject to exemption upon exercise of the privilege by the debtor. (Code Civ. Proc., § 690.26.) It is significant that there is neither an allegation that the sheriff is involved or participated in any conspiracy with the other defendants to deprive plaintiff of his exemption privilege, nor that he had actual knowledge that the money in the hands of the garnishee was subject to a claim of exemption. ■ Plaintiff's attempt to impose liability on the sheriff is predicated essentially on the contention that he was not afforded an opportunity to claim his exemption because the sheriff failed to give him notice that he was running a garnishment in aid of execution upon money owed plaintiff in Young's possession. This contention is without substance or warrant, for it professes to impose on the sheriff an obligation neither inherent in his office nor specified by law as one of his official duties.

There is no provision in the pertinent sections of the Code of Civil Procedure which requires the levying officer to notify a judgment debtor that money belonging to him and held by a third party is being levied on, nor have we been referred to any case imposing such obligation in the absence of statutory mandate. Had the Legislature intended to impose such a duty on the sheriff in its elaborately detailed development of a statutory scheme of attachment and garnishment procedures and the granting of exemptions from execution (Code Civ. Proc., §§ 537-561, 681-713), it is not to be doubted that it would have ascribed that responsibility to the sheriff; but it has pointedly refrained from so doing. It is patent that this omission was deliberate, for, as will subsequently appear, the primary responsibility for protecting the interests of the judgment debtor in a proper case lies with the garnishee. Clearly, the Legislature did not deem it incumbent on the sheriff, as a stranger to the proceedings and as a ministerial officer charged with the function of executing orders not manifestly irregular or void on their face (Gov. Code, § 26608; *First Nat. Bank* v. *McCoy*, 112 Cal.App. 665 [297 P. 571]), to be saddled with the burden of searching for and notifying the judgment debtor in every case where he is directed to

serve a writ of garnishment upon the ground, perchance, that the property levied on may be susceptible to a claim of exemption. The reason for this omission is not difficult to ascertain. All that the sheriff knows about the transaction derives from the writ commanding him to make the levy. He is not expected to know, nor is he advised of, the place of abode or residence of the vast number of judgment debtors whose assets he is directed to garnish, and it would be a virtually insuperable, if not impossible, undertaking for him to attempt to seek out such persons, who may be scattered in various parts of the state, to apprise them of a garnishment. ▉ Contrary to plaintiff's assertion, a statute does not abridge due process of law by failing to provide notice of garnishment proceedings by a levying officer, and it has been held upon the highest authority that a statute authorizing the issuance of a garnishment in aid of execution without notice to the judgment debtor is constitutional. (*Endicott-Johnson Corp.* v. *Encyclopedia Press*, 266 U.S. 285, 288 [45 S.Ct. 61, 69 L.Ed. 288]; *High* v. *Bank of Commerce*, 95 Cal. 386, 387 [30 P. 556, 29 Am.St. Rep. 121]; *Coffee* v. *Haynes*, 124 Cal. 561, 565 [57 P. 482, 71 Am.St.Rep. 99]; *Foster* v. *Young*, 172 Cal. 317, 322 [156 P. 476]; *Smith* v. *Dickson*, 58 Iowa 444, 445 [10 N.W. 850]; *Ketcham* v. *Kent*, 115 Mich. 60, 63 [72 N.W. 1110]; *Hexter* v. *Clifford*, 5 Colo. 168, 173.) In *Endicott-Johnson Corp.* v. *Encyclopedia Press, supra,* the Supreme Court of the United States addressed itself to the question in these terms: ''However, the established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; . . . No established rule of our system of jurisprudence requires that such notice be given. On the contrary, it has been frequently held in the state courts that, in the absence of a statutory requirement, it is not essential that the judgment debtor be given notice and an opportunity to be heard before the issuance of such garnishment. [Citations.]''

▉ In the light of these principles and considerations, it is clear that plaintiff has stated no cause of action against the sheriff. It is not claimed that he was confederated in

the conspiracy to defraud plaintiff of property subject to exemption; on the contrary, it is alleged that the other defendants concealed from the sheriff the character of the property levied on. ▆ The mere fact that in January, 1955, plaintiff had on file a complaint against Young and Palumbo for recovery of moneys owed him for personal services cannot, on any theory of constructive notice of "public records," impute vicarious knowledge of the contents of that complaint to the sheriff. ▆ It is well settled in this state that the mere pendency of an action, without more, does not impart constructive notice to all the world of the fact of such litigation. (*MacDermot* v. *Hayes*, 175 Cal. 95, 110 [170 P. 616]; *Bernhard* v. *Wall*, 184 Cal. 612, 630 [194 P. 1040]; *Orekar* v. *Lager*, 122 Cal.App. 370, 372 [10 P.2d 178].) And, as has been pointed out, the sheriff has violated no duty to plaintiff enjoined on him by law nor is it made to appear that any valid or justiciable controversy exists between plaintiff and the sheriff. For the foregoing reasons, the judgment in favor of the sheriff was proper.

An entirely different congeries of legal principles comes into play in considering the complaint against the remaining defendants.[4] ▆ Here we are confronted with the obligation of good faith and fair dealing imposed by law upon a garnishee and the positive duty devolving upon him not to wantonly sacrifice or wrongfully dispose of the property in his possession upon which levy has been made. ▆ Thus, it is the prevailing law that the garnishee, who knows that the property levied on is subject to a claim of exemption by his creditor and that his creditor is ignorant of the garnishment, has the duty, whenever practicable, to notify his creditor of the garnishment so that the latter may have the opportunity, if he desires, of exercising his claim of exemption. (*Hing* v. *Lee*, 37 Cal.App. 313, 317-318 [174 P. 356]; *Harris* v. *Balk*, 198 U.S. 215, 227 [25 S.Ct. 625, 49 L.Ed. 1023]; *Southern Ry. Co.* v. *Fulford*, 125 Ga. 103 [54 S.E. 68]; *Missouri P. R. Co.* v. *Whipsker*, 77 Tex. 14 [13 S.W. 639, 19 Am.St.Rep. 734, 8 L.R.A. 321]; *Pierce* v. *Chicago & N.W. R. Co.*, 36 Wis. 283; *Stewart* v. *Northern Assur. Co.*, 45 W.Va. 734 [32 S.E. 218, 44 L.R.A. 101]; *Czesna* v. *Lietuva Loan & Sav. Assn.*, 252 Ill.App. 612.) These cases rely on the salutary principle that fair dealing requires such notification where possible in order that the right to claim the exemption be

---

[4]Hereafter reference to defendants applies to defendants other than the sheriff.

not prejudiced. ■ A garnishee with knowledge that a fund in his possession is subject to exemption and that its owner has no knowledge of the garnishment is in complete control of the situation and must not needlessly imperil the fund in his hands or unnecessarily or arbitrarily subject it to the garnishment. He must act with reasonable caution in recognition of the owner's known rights and if he departs from his ordinary status as a neutral or disinterested stakeholder to give an improper advantage to one side or the other, he will be held liable to the party prejudiced. ■ As stated in *Hardy* v. *Hunt,* 11 Cal. 343, 350 [70 Am.Dec. 787], " 'The garnishee is regarded by the law somewhat in the light of a trustee, and is bound to protect, by legal and appropriate steps, the rights of all parties to the goods or credits attached in his hands. . . .' "

■ These principles are well exemplified in *Hing* v. *Lee, supra,* where the court propounds the controlling law in the following language (p. 318): "Though exemption is a personal privilege, which the judgment debtor may waive if he choose, yet the privilege exists until he, himself, or someone authorized to do so waived it . . . and a garnishee, whether trustee *or mere debtor,* cannot waive it for him, *or deprive him of the opportunity to claim it without being liable to him in damages.*" (Italics added.) In the cited case, defendant bank held the proceeds of an insurance policy for plaintiff. The sum was subject to exemption from execution under Code of Civil Procedure, section 690.18. Plaintiff's judgment creditor caused a garnishment in aid of execution to issue on this sum held by the bank. The bank paid the sum to the sheriff. Plaintiff did not know of the garnishment and had no opportunity to claim his exemption. The court declared that the bank held the fund in trust and that it was a breach of duty to plaintiff to hand over the fund to the sheriff without offering plaintiff an opportunity to make his claim of exemption. The court also discussed defendant's contention that no trust existed and that the deposit merely created a debtor-creditor relationship. In this connection, the court stated: "Considering it thus a deposit, we feel satisfied that, in view of the ignorance of plaintiff of the levy of the execution, *it was the duty of the bank to notify him before paying over the money to the sheriff.* If it had been other personal property belonging to plaintiff, in the possession of defendant, a sale would be required, and it would have made no particular difference whether the bank gave

notice or not, since the sheriff would have been required to give notice to plaintiff before the sale. But, it being money, the conduct of the bank made it impossible for plaintiff to claim this privilege of exemption, and hence appellant should be held responsible for the amount lost.

"In Freeman on Executions, third edition, section 416, it is said: 'Although as a general rule the exemption of property from execution can only be claimed by its owners, yet the rule does not apply to proceedings by garnishment. If the garnishee has in his possession any property or credit of the defendant not subject to execution he certainly may and he probably must, assert the fact of such exemption and thereby prevent the property from being taken and applied under the execution . . . When, however, the person summoned knows of a defense as that the debt or property sought to be reached is exempt from execution, we believe that it is his duty to assert such defense, or, at least, to inform his creditor of the proceeding and give him an opportunity to act for himself, and if the duty is not performed, that no judgment or order against the person summoned can protect him from liability to his creditor.'

"In the case at bar the garnishee knew, or, at least, had reason to know, that the property was exempt from execution and that the judgment debtor had no knowledge of the garnishment, and hence the payment of money to the sheriff does not protect appellant from liability to the judgment debtor." This states the rule here applicable.

Applying these principles to the case at bar, it is obvious that plaintiff has stated a cause of action against the defendants. It is charged, in substance, that defendant Young had in his possession money subject to exemption as current wages for personal services required by plaintiff for the necessities of life and that these defendants conspired to defeat his ownership of that fund by a course of conduct calculated to deprive him of the opportunity to assert the exemption. To that end, Rowe obtained a writ of garnishment directing the seizure of the money in accordance with a prearranged plan that would enable Rowe to obtain the money in derogation of plaintiff's rights. Pursuant to that plan, Young answered the garnishment without disclosing that the money was subject to exemption and turned over the money to the sheriff for delivery to Rowe without any notification to plaintiff despite his knowledge that plaintiff was ignorant of the garnishment. It is thus clear that plaintiff

has stated the formation of, and acts done pursuant to, a wrongful conspiracy to deprive him of a statutory privilege which resulted in economic detriment to him, and each participant is responsible as a joint tortfeasor for the ensuing damage regardless of whether he was a direct actor or the degree of his activity. (*Mox Inc.* v. *Woods,* 202 Cal. 675 [262 P. 302] ; *California Auto Court Assn.* v. *Cohn,* 98 Cal. App.2d 145, 149 [219 P.2d 511].) Plaintiff's complaint does not charge ordinary negligence on the part of a garnishee to notify him of the garnishment so that he might preserve his exemption rights, as in *Hing* v. *Lee, supra.* Here we are presented with the aggravated situation of a conspiracy in which the garnishee procured the execution and colluded to conceal the facts in order to frustrate plaintiff's right to promptly claim an exemption. A similar matter was considered in *Smith* v. *Dickson,* 58 Iowa 444 [10 N.W. 850], where defendant collusively procured a judgment to be rendered against him in a prior garnishment proceeding. He sought to resist plaintiff's present action to recover the sum due by interposing his payment under garnishment as a defense. In repelling the argument the court remarked (p. 851 [10 N.W.]) : "The defendant, knowing the money in his hands was exempt from execution, procured himself to be summoned as garnishee, failed to plead the exemption, or notify the plaintiff, so that he might do so. This was in the nature of a fraud upon the plaintiff. The judgment against the defendant was rendered by collusion or procurement on his part, and he should not, we think, be permitted to set it up as a shield or defense in this action. Even if it be conceded the rule is that a garnishee defends only for himself, the defense must be in good faith. But here no defense was interposed, and in bad faith, in fraud of the rights of the plaintiff, the defendant procured a judgment against himself." Likewise, in the instant case, the defendants were so concerned with having the judgment creditor satisfied, even out of exempt funds, that they conspired to foreclose the plaintiff of his exemption rights by a violation of the garnishee's obligation to notify him of the occasion for the exercise of his privilege.

Furthermore, the complaint also alleges that plaintiff inquired as to why the money was not paid while the garnishment proceedings were taking place. Young deliberately concealed from him, both by silence and by equivocal responses and statements, that the money had been levied

on, in accordance with the common design. Plaintiff having requested information from Young on a matter peculiarly within his knowledge, it was Young's duty not to conceal any facts but to make a full and fair disclosure. This rule applies independently of any confidential relationship between the parties. (*Rogers* v. *Warden,* 20 Cal.2d 286, 289 [125 P.2d 7]; *Bank of America* v. *Greenbach,* 98 Cal.App.2d 220, 224 [219 P.2d 814].) █ In *Gillespie* v. *Ormsby,* 126 Cal.App.2d 513, 527 [272 P.2d 949], this court stated: "Deceit may be negative as well as affirmative; it may consist in suppression of that which it is one's duty to declare, as well as in the declaration of that which is false . . .[O]ne who speaks is not only obligated to tell the truth but he is equally bound not to suppress or conceal any facts within his knowledge which materially qualify those stated [citations]." █ Having superior and exclusive knowledge of all the facts, and having been questioned by plaintiff as to why the money was not being paid him, and having a duty as garnishee to apprise plaintiff that his exempt property was at the time of the inquiry under garnishment, Young was bound to make a complete disclosure of the facts to enable plaintiff to fully understand the situation. His failure to do so under the circumstances constituted fraud.

In the light of the facts alleged and the controlling law, plaintiff has stated causes of action against the defendants and it was error to sustain the general demurrer.

There was also a special demurrer jointly made by defendants Young, Palumbo and Cronin that "there is another action pending between the same parties for the same cause." The only action pending alleged in the complaint was one between plaintiff and Young and Palumbo and would in nowise, from the face of the complaint, appear to encompass any of plaintiff's rights against Cronin. This ground of special demurrer was not available to Cronin. █ Where a complaint is good against one of the joint demurrants, the demurrer must be overruled as to all. (*Greenwood* v. *Mooradian,* 137 Cal. App.2d 532, 546 [290 P.2d 955].) █ Furthermore, where the plea in abatement because of a prior action pending is presented by demurrer, it is error to enter a final judgment with respect to that issue at the time the demurrer is heard. (*Lord* v. *Garland,* 27 Cal.2d 840, 851 [168 P.2d 5].)

The judgment in favor of the sheriff is affirmed. The judgments in favor of all other defendants are reversed.

Moore, P. J., and Ashburn, J., concurred.