Alvin Ray HUBBARD, Plaintiff,

v.

DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT, Defendant.

No. 67514.

Supreme Court of Iowa.

Aug. 25, 1982.

William H. Michelson, Des Moines, for plaintiff.

Edgar H. Bittle, Edward W. Remsburg and Patricia J. Martin of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for defendant.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

Pursuant to chapter 684A, The Code, the United States District Court for the Southern District of Iowa has certified two questions of law to this court:

Is a garnishee-employer obligated under Iowa Code § 642.14 or the common law to give notice to its employee whose wages have been garnished to satisfy a judgment before delivering the money demanded to the Sheriff for disposition, or does that statutory duty devolve upon the garnishor-creditor, or neither?

If the duty to give notice to the employee does rest with the garnishee-employer, and such duty is violated, does said violation constitute an improper wage deduction so as to create a wage-claim cause of action under Iowa Code § 91A.5(1)?

We hold that section 642.14 imposes a duty on the garnishment plaintiff to give notice of the garnishment proceeding to the principal defendant. Neither the statute nor the common law places such duty on the garnishee. Because the garnishee does not have the duty to give notice, no action for its alleged breach lies against the garnishee under section 91A.5(1).

In its certification order, the district court included a statement of relevant facts:

This is an action initiated under 42 U.S.C. § 1983 and principles of pendent jurisdiction by the plaintiff, formerly employed by the defendant as a vocal music teacher at the Washington and Hanawalt schools. While so employed, judgment creditors of the plaintiff instituted wage garnishment proceedings against him, in which the defendant was garnishee. The defendant gave no advance notice to the plaintiff before delivering the money demanded to the sheriff until June of 1980.

This action was commenced by the filing of a complaint by the plaintiff on July 16, 1980. Thereafter, the complaint was amended on December 30, 1980 to conform to the evidence as disclosed in discovery. In both the original complaint and the amendment thereto, the plaintiff

asserts his right to an accounting and to damages, both actual and punitive, as well as to interest on the garnished wages, costs and attorney's fees, based on the defendant's alleged violation of a duty arising under Iowa law to give notice to an employee whose wages were being garnished before relinquishing the sum of money demanded to the sheriff.

Public employer garnishments are provided for in section 642.2. They are available only "upon a judgment against an employee of the state, or of a governmental subdivision or agency thereof." § 642.2(2). A garnishment proceeding is commenced by serving an original notice with certain attachments on the public employer. § 642.-2(4). Subject to statutory conditions and limitations, the garnishment plaintiff is entitled to judgment against the public employer to the extent of wages owed to the principal defendant. § 642.2(5) and (6). One of the statutory conditions is compliance with the requirement of section 642.14. § 642.2(5).

Section 642.14 provides: "Judgment against the garnishee shall not be entered until the principal defendant shall have had ten days' notice of the garnishment proceedings, to be served in the same manner as original notices." It is therefore obvious that someone has a statutory duty to give notice of the garnishment proceeding to the principal defendant before the garnishment plaintiff is entitled to judgment against the garnishee, but the statute does not expressly assign the duty.

The federal court plaintiff raises two issues concerning section 642.14. One is whether the statute applies when the garnishee delivers the money or property of the principal defendant to the sheriff before judgment. The other is whether, in any event, the duty to give the statutory notice is imposed on the garnishee rather than the garnishment plaintiff.

■ The first issue requires interpretation of section 642.13, which addresses the subject of judgment against the garnishee. It provides:

If in any of the above methods it is made to appear that the garnishee was indebted to the defendant, or had any of his property in his hands, at the time of being served with the notice of garnishment, he will be liable to the plaintiff, in case judgment is finally recovered by him, to the full amount thereof, or to the amount of such indebtedness or property held by the garnishee, and the plaintiff may have a judgment against the garnishee for the amount of money due from the garnishee to the defendant in the main action, or for the delivery to the sheriff of any money or property in the garnishee's hands belonging to the defendant in the main action within a time to be fixed by the court, and for the value of the same, as fixed in said judgment, if not delivered within the time thus fixed, unless before such judgment is entered the garnishee has delivered to the sheriff such money or property. Property so delivered shall thereafter be treated as if levied upon under the writ of attachment in the usual manner.

When liability appears, this provision entitles the garnishment plaintiff to judgment against the garnishee "for the amount of money due from the garnishee to the defendant in the main action" or to a judgment for delivery of any of the principal defendant's money or property in the garnishee's hands and for its value "if not delivered within the time thus fixed." Thus, two different kinds of judgments are possible. One is a judgment for money, and the other is a judgment for delivery. A judgment for delivery is available "unless before such judgment is entered the garnishee has delivered to the sheriff such money or property." In that situation, the only kind of available judgment is the first kind, a judgment for the debt.

■ When the money or property is delivered to the sheriff before judgment, it is still necessary for the garnishment plaintiff to obtain judgment against the garnishee for the debt. This is because delivery to the sheriff does not automatically entitle the garnishment plaintiff to the money or property. *See Kramer v. J. Q. Adams &*

*Company*, 94 Iowa 489, 63 N.W. 180 (1895). Under section 642.13, the money or property so delivered is thereafter "treated as if levied upon under the writ of attachment in the usual manner."

 Garnishment is merely a species of attachment. *See* 2 Deemer, *Iowa Pleading and Practice* § 804 at 1041 (Longsdorf ed. 1927). Money coming into the sheriff's hands pursuant to an attachment, and thus pursuant to a delivery before judgment in garnishment, is to be paid to the clerk "until further action of the court." § 639.35. Upon entry of judgment against the garnishee, the fund is condemned in satisfaction of the judgment, just as in regular attachment proceedings. *See* § 639.56. Because the garnishment plaintiff must obtain a judgment against the garnishee before he is entitled to money or property delivered to the sheriff before judgment, section 642.14 applies to both situations envisioned in section 642.13. Therefore we decide the first issue against the federal court plaintiff's contrary contention.

We decide the second issue against him as well. Because section 642.14 applies in all garnishments, it establishes a duty to give notice to the principal defendant in all cases. We believe this duty is imposed on the garnishment plaintiff by necessary implication.

 We start with the premise that garnishment is a creature of statute rather than common law. *Malone v. Moore*, 212 Iowa 58, 65, 236 N.W. 100, 103 (1931); 2 R. Shinn, *A Treatise on the American Law of Attachment and Garnishment* § 485 at 851 (1896). In the absence of a statutory requirement, this court held in an early case that a judgment debtor is not entitled to notice of an execution or levy. *Ayres v. Campbell*, 9 Iowa 213, 216 (1859). This rule was applied in garnishment proceedings before enactment of section 642.14:

> A garnishee is not a party to an action in the sense that he is required to make a defense, as between the plaintiff and defendant. As to the merits of the case he is, and should be held to be indifferent. . . .

> By the law of Iowa a garnishee defends for himself alone. All he is required to do in the first instance is to answer the general questions prescribed by the statute . . . . [T]he statute of this state does not require a garnishee to give notice to the debtor defendant that he has been garnished. The whole proceeding being based on the statute, we would hesitate long before holding that there are other and greater obligations or duties resting upon a garnishee than those imposed by statute. The law, as it is, imposes inconvenience enough on the garnishee without enlarging its provisions by judicial construction.

*Moore v. Chicago, R. I. and P. Ry.*, 43 Iowa 385, 387 (1876).

The provision for notice to the principal defendant was added to the statute in 1880. *See* 1880 Session, 18th G.A., ch. 58. When first enacted, the provision specified the manner of service when the proceeding was initiated before a justice of the peace. It included a procedure for showing that the principal defendant was not a resident of the county: "The fact that the defendant is not a resident of the county, may be shown by the affidavit of the plaintiff, or his attorney, filed with the justice before such notices are posted." *Id.* It is highly improbable that the burden of proving the basis for notice would have been placed on the garnishment plaintiff if that individual did not also have the obligation to give notice.

 Subsequent cases interpreting the provision have assumed the notice obligation is on the garnishment plaintiff. Its purpose is to permit the principal defendant to intervene and protect his rights. *See Williams v. Williams*, 61 Iowa 612, 615, 16 N.W. 718, 720 (1883). It is also intended to protect the garnishee. *Union County Investment Co. v. Messix*, 152 Iowa 412, 418, 132 N.W. 823, 825 (1911). In fact, the garnishee has on occasion challenged the sufficiency of notice to the principal defendant. *See Kenosha Stove Co. v. Shedd*, 82 Iowa 540, 48 N.W. 933 (1891); *Williams, supra.*

No one questioned the duty of the garnishment plaintiff to give the notice in those cases. We confirm in this case what previously has been assumed. We hold that the garnishment plaintiff has the duty to give the notice required by section 642.14.

The federal court plaintiff relies on a number of out of state decisions in contending the garnishee has the duty to give the notice either under the statute or the common law. Those cases, however, are all easily distinguished on their facts or because of statutory differences. For example, he relies heavily on *Agnew v. Cronin*, 148 Cal.App.2d 117, 306 P.2d 527 (1957). That decision concerned a garnishee who allegedly conspired to procure a fraudulent execution. It did not impose a general duty on the garnishee to give the principal defendant notice of garnishment proceedings. *See Bowie v. Union Bank*, 11 Cal.App.3d 807, 816, 90 Cal.Rptr. 103, 108 (1970). Moreover, the *Agnew* decision is not applied when the garnishee is a public employer. *McDaniel v. City and County of San Francisco*, 259 Cal.App.2d 356, 360, 66 Cal.Rptr. 384, 388 (1968).

In response to the first certified question, we hold that an employer garnishee is not required either by section 642.14 or the common law, under the certified facts, to give notice to its employee before delivering the money demanded in the garnishment. The garnishment plaintiff and not the garnishee has the duty to give the notice required by section 642.14, but such notice is a condition upon judgment rather than a condition upon the garnishee's delivery of the money. Because the employer does not have the duty to give the notice, we do not address the consequences of a breach of the duty.

CERTIFIED QUESTIONS ANSWERED.