[Civ. No. 6141. Second Appellate District, Division One.—February 18, 1931.]

F. L. PATTERSON, Appellant, v. HENDERSON TIRE & RUBBER COMPANY (a Corporation), Respondent.

Leo L. Schaumer and DeGroot & Schaumer for Appellant.

O'Melveny, Tuller & Myers and J. R. Girling for Respondent.

YORK, J.—The plaintiff is prosecuting an appeal from a judgment of the Superior Court of Los Angeles County, reversing a judgment of the Municipal Court of Los Angeles city, and ordering a new trial therein and directing that appellant recover costs of appeal. This was based upon the superior court's conclusion that the plaintiff was entitled to the sum of $31.79 only, which was the difference between the sum of $415.15, the amount owing to plaintiff by defendant for personal services, and the sum of $383.36, the amount owing to defendant by plaintiff on account of merchandise purchased prior to the rendition of the personal services.

The whole dispute between the parties was whether or not the sum of $321, the amount due, owing and unpaid from defendant to plaintiff for the latter's personal services, rendered within thirty days preceding the date of termination of plaintiff's employment, was subject to exemption from the set-off or counterclaim urged by defendant for merchandise furnished previous to the plaintiff's employment; the plaintiff having alleged that said sum of $321 was and is necessary for the use of his family residing in this state, supported in whole by his labor. Plaintiff's contention was sustained by the municipal court, but the superior court reached a different conclusion thereon, and ordered a reversal of the judgment of the said municipal court, basing its conclusion on section 440 of the Code of Civil Procedure, to the effect that the respective debts or claims of the plaintiff and defendant must be deemed compensated, so far as they equal each other. That is, that the defendant's claim against plaintiff has set off, equalized and balanced plaintiff's demand against the defendant to the extent of $383.36, the amount which was admittedly due the defendant.

Appellant states that he is not relying upon section 690, subdivision 10, of the Code of Civil Procedure, but he is contending that to warrant a set-off or counterclaim, the debts must be mutual and that the principle of mutuality requires that the debts "must not only be due to and from the same person, but in the same capacity".

An examination of this record shows that the set-off or counterclaim allowed by the superior court complies with this requirement.

The judgment of the superior court is affirmed.

Conrey, P. J., and Houser, J., concurred.