In re ENTERTAINMENT SPECIALTIES, INC., a California corporation, fdba Stadium Motorsports Corp., Debtor.

ENTERTAINMENT SPECIALTIES, INC., a California corporation, fdba Stadium Motorsports Corp., Plaintiff,

v.

Mickey THOMPSON, an individual, Mickey Thompson Entertainment Group, a California corporation and Frank S. Zolin, an individual, as County Clerk for Los Angeles Superior Court, Defendants.

Bankruptcy No. SA 86–05280 JR.
Adv. No. SA 86–0817 JR.

United States Bankruptcy Court,
C.D. California.

Jan. 28, 1987.

William N. Lobel of McKittrick, Jackson, DeMarco & Peckenpaugh, Newport Beach, Cal., for debtor/plaintiff.

Victor A. Sahn of Sulmeyer, Kupetz, Baumann & Rothman, Dolores Cordell of Clark & Trevithick, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

On November 25, 1986, a hearing was held on debtor's motion for summary judgment (the "Motion"). Previously, debtor had filed a complaint to compel turnover of property specifying that the net proceeds from a motocross event held at the Los Angeles Memorial Coliseum were property of the estate and recoverable under Section 542 of the Bankruptcy Code. Mickey Thompson and Thompson Entertainment Corp. (collectively "Thompson") served a writ of execution on the Los Angeles Memorial Coliseum Commission (the "Commission") on May 19, 1986 and June 24, 1986 to levy on the net proceeds. In its complaint debtor contends that the June 24 levy is voidable as a preferential transfer under Section 547 of the Bankruptcy Code. At the hearing on the Motion, I requested further briefing on (1) the appropriate method for levying and (2) the possibility of a 100% distribution to creditors which would defeat the preference allegation. Subsequent to the hearing, debtor's counsel stipulated that a 100% distribution to creditors was probable. Accordingly, debtor withdrew its preference argument and in lieu thereof argued that the levies were invalid because Thompson failed to comply with appropriate California law.

The issues before me are: (1) does debtor have to amend its complaint to raise a new legal theory to invalidate the levies; and (2) were the levies made in accordance with

California law so that Thompson has a valid security interest in the net proceeds.

## STATEMENT OF FACTS

The revelant, material facts are not in dispute. On May 7, 1986, Thompson obtained a judgment against debtor and its President, Michael F. Goodwin, ("Goodwin") for approximately $600,000. On May 19, 1986, Thompson served a writ of execution, notice of levy, and memorandum of garnishee on the Commission. Previously, Debtor and the Commission had entered into a License and Operating Agreement (the "License Agreement") to permit debtor to hold the Coors Superbowl of Motocross on June 7, 1986 at the Los Angeles Coliseum (the "Event"). Under the terms of the License Agreement, the Commission was to collect and deposit the gate proceeds into the Los Angeles Memorial Coliseum Commission Licensee Trust Account (the "Trust Account"), retain from the gate proceeds its license fee and costs and payments to third parties and remit the net proceeds to debtor.

The event occurred as scheduled on June 7, 1986. On July 14, 1986, the Commission interpleaded net proceeds of approximately $456,000 with the Los Angeles County Superior Court. On June 24, 1986, Thompson again levied on the Commission for the net proceeds from the Event. On September 19, 1986, debtor filed its bankruptcy petition under Chapter 11. Shortly thereafter, debtor filed this adversary proceeding seeking a turnover of the net proceeds.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure is applicable to this adversary proceeding through Bankruptcy Rule 7056. Summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of persuasion. *Aronsen v. Zellerbach,* 662 F.2d 584, 591 (9th Cir.1981); *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980); *In re Acorn Investments,* 8 B.R. 506, 508 (Bankr.S.D.Ca.1981). All facts and inferences are to be construed most favorably for the party against whom judgment is sought. *Marks v. United States,* 578 F.2d 261, 262 (9th Cir.1978); *Mutual Fund Investors v. Putnam Management Co.,* 553 F.2d 620, 624 (9th Cir.1977); *In re Zupancic,* 38 B.R. 754, 757 (9th Cir. BAP 1984).

The purpose of the summary judgment procedure is to "pierce allegations of fact" in the pleadings and grant relief by summary judgment if there are no genuine issues of fact to be tried. *Engl v. Aetna Life Ins. Co.,* 139 F.2d 469, 472 (2nd Cir. 1943). This is an important tool which, if properly used, can eliminate unnecessary trials and reduce litigation expenses. *Mintz v. Mathers Fund, Inc.,* 463 F.2d 495, 498 (7th Cir.1972).

I will first address the adequacy of the complaint. Although Thompson did not object to the sufficiency of the complaint, he did contend that debtor waived its right to assert § 708.750 of the California Code of Civil Procedure because debtor did not raise the issue in debtor's pleadings, motion for summary judgment, reply brief or oral argument.

To address this issue, it is important to review the history of this proceeding. In its complaint, debtor (1) requested a turnover of the net proceeds, (2) contended that the net proceeds were property of the estate under § 541(a) of the Bankruptcy Code and that it had a right to use the net proceeds pursuant to § 363 of the Bankruptcy Code, and (3) asserted that the June 24 levy was a preferential transfer under § 547 of the Bankruptcy Code. In its motion for summary judgment, debtor stressed the preferential nature of the June 24 levy. Thompson in its opposition brief to debtor's motion for summary judgment claimed that the May 19 levy was valid and established its security interest before any preference period. Thompson further indicated that the June 24 levy was filed for "insurance" purposes only.

In its reply brief, debtor stated that the May 19 levy was invalid because Thompson failed to comply with applicable California

law. Thompson followed the procedure for levying on an account receivable (§ 700.-170, California Code of Civil Procedure). Debtor argued that the obligation of the Commission under the License Agreement was not an account receiveable. It viewed the arrangement as a deposit account for the benefit of debtor which requires a different procedure under § 700.160 of the California Code of Civil Procedure. In addition, debtor claimed that Thompson failed to comply with § 708.750 of the California Code of Civil Procedure, which governs any levy on a public entity. Accordingly, the June 24 levy was an attempt to correct a defect in the May 19 levy.

At the hearing on the Motion, the issue of § 708.750 was not raised. I requested additional briefing as previously indicated. Thompson filed its supplemental memorandum contending that the May 19 levy was valid since if the obligation was not an account receivable, it was certainly a general intangible and the same levying procedure applies. Debtor filed its supplemental memorandum (1) withdrawing its preference argument, (2) reaffirming its position that the trust account was a deposit account requiring compliance with § 700.160, and (3) forcefully contending that Thompson's failure to comply with § 708.750 rendered the levies invalid regardless of whether the net proceeds are construed as an account receivable or deposit account.

Thompson requested additional time to reply to debtor's supplemental memorandum in order to respond to the § 708.750 argument. I granted Thompson's request and Thompson filed its reply memorandum contending that the § 708.750 issue was newly raised and should be deemed waived. Thompson further argued that if the court should deem the issue properly raised, § 708.750 was designed to protect governmental entities and debtor should not be able to avoid the levies by asserting the rights of the Commission.

■ As previously demonstrated, the § 708.750 argument was initially raised, albeit peripherally, in debtor's reply brief to Thompson's opposition to the motion. Al-

though it was not argued at the hearing, Thompson was on notice that this was a potential argument for invalidating the levies. Thompson does not cite any case authority for its waiver theory. In my view, the complaint is sufficient. Debtor requested a turnover of property to the estate. Debtor cited § 541(a) in its complaint to support its position that the net proceeds were property of the estate. Debtor further claimed that the net proceeds were property that the debtor may use, sell or lease under § 363. This is sufficient pleading for a turnover of property under § 542 of the Bankruptcy Code. The complaint gives Thompson sufficient notice. As stated in *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 85 (1957) "[t]he Rules require ... 'a short and plain statement of a claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests". *Id.* at 47, 78 S.Ct. at 103.

■ Courts construe pleadings liberally so as to do substantial justice. *Lynn v. Sheet Metal Workers' Intern. Ass'n,* 804 F.2d 1472, (9th Cir.1986). Generally, the Federal Rules, within fairly broad limits, permit a party to shift his position before or at trial without amendment and to seek relief justified by the evidence. 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.14 at 8–90 (2nd Fed.1983). The reason for this is the liberal discovery and pretrial devices which eliminate surprise so that facts are developed and legal theories formulated for trial. The complaint essentially serves as a notice device. Moore, *supra,* ¶ 8.13 at 8–70.

■ Thompson was aware of the § 708.-750 argument prior to the hearing. In addition, I granted additional time to Thompson to brief the issue. Accordingly, I find that debtor's complaint is sufficient and there is no waiver of the § 708.750 argument by debtor or prejudice to Thompson in having me give appropriate weight to this contention.

■ I spent considerable time on the § 708.750 issue because it is dispositive of

this Motion. Section 708.750 is part of Article 8 which is entitled "Collection of Judgment Where Judgment Debtor is Creditor of Public Entity". Article 8 is applicable to this proceeding since the Commission is a public entity. A public entity is defined in § 708.710 as "the state, county, city, district, public authority, *public agency,* and any other political subdivision in the state." (Emphasis added). The License Agreement states that the Commission is a public agency. Thompson does not contend otherwise. Section 708.720(a) states that "if a public entity owes money to the judgment debtor, the obligation of the public entity must be applied to the satisfaction of the money judgment against the judgment debtor *only* in the manner provided by (1) this article...." (Emphasis added). Certainly, the Commission has an obligation to pay the net proceeds to debtor under the License Agreement. Thompson has a money judgment against debtor and is seeking to obtain satisfaction by levying on the obligation of the Commission to pay the net proceeds to debtor. Section 708.720 further provides that Article 8 is the exclusive method available to a judgment creditor seeking this kind of remedy.

Section 708.750 states that where the judgment debtor is a public agency other than a *state agency,* the judgment creditor "shall file the abstract or certified copy of judgment and the affidavit with the auditor of the public agency, or if there is no auditor, with the official whose duty corresponds to that of the auditor." The Commission is a public entity other than a state agency. In his declaration Mr. J.R. White, Chief Accountant for the Commission, states that he is the person with whom a judgment creditor should file the papers in accordance with § 708.750 and he was not served.

Article 8 is the exclusive procedure when levying on an obligation owing from a public entity to a judgment debtor. Section 708.780(a) provides that the filing of the papers in accordance with Article 8 creates a lien on the obligation. As the Law Revision Commission comments to § 708.780 indicate, the lien is created upon the filing

with the public entity under § 708.750. This result is consistent with previous decisions under the former law (§ 710) which equated filing with a levy. See *McDaniel v. City etc. of San Francisco,* 259 Cal. App.2d 356, 361, 66 Cal.Rptr. 384 (1968); *Dept. of Water & Power v. Inyo Chem. Co.,* 16 Cal.2d 744, 751–53, 108, 108 P.2d 410 (1940). As the court stated in *McDaniel,* "Code of Civil Procedure, § 710 establishes a procedure for enforcing money judgments against a debtor to whom money is owed by the state or political subdivision thereof." *Supra,* 259 Cal.App.2d at 361, 66 Cal.Rptr. 384.

Thompson contends that Article 8 is meant to protect the Commission and not the debtor. Thompson further argues that its levy on the net proceeds under a writ of execution created a valid lien. I disagree. The California legislature created Article 8 as the exclusive mechanism for levying in this situation. Just because it was designed to relieve governmental units from potential liability for wrongful payment does not excuse Thompson from compliance. To have a proper levy, the provisions of Article 8 must be satisfied. Thompson's levies were not made in accordance with Article 8. Therefore, I find that the levies are invalid. Accordingly, Thompson does not have a security interest in the net proceeds.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.